# Ulysses Elgin Butter Company, Limited, *v.* Home Insurance Company, Appellant.

*Insurance—Fire insurance—Proofs of loss—Province of court and jury.*

In an action upon a fire insurance policy it is the duty of the court to determine the sufficiency of the proofs of loss as a matter of law, and as a condition precedent to recovery, in the absence of any evidence of bad faith on the part of the insurance company.

Where the insured volunteers to furnish proofs of loss, he is bound to furnish such as are sufficient, under the terms and conditions of the policy.

*Insurance—Fire insurance—Incumbrances—Change of ownership.*

Where an insurance company has been notified of the entry of a judgment against the insured, and the issuance of execution thereon, it is not necessary for the insured to notify the company of the advertisement for sale of the insured property by the sheriff.

Argued Oct. 30, 1901. Appeal, No. 33, Oct. T., 1901, by defendant, from judgment of C. P. Potter Co., Sept. T., 1900, No. 212, on verdict for plaintiff in case of Ulysses Elgin Butter Company v. Home Insurance Company. Before RICE, P. J., BEAVER, ORLADY, W. W. PORTER and W. D. PORTER, JJ. Reversed.

Assumpsit upon a policy of fire insurance. Before OLM-STEAD, P. J.

At the trial plaintiff's counsel now offer in evidence policy of the Home Insurance Company, No. 927, countersigned at Coudersport, August 17, 1899, a copy of which was filed and served upon the defendants.

Objected to for the reason that the suit in this case is in favor of the Ulysses Elgin Butter Company, Limited, and the policy offered in evidence is in favor of the Ulysses Elgin Butter Company, and has not the word " limited."

Objection overruled, to which ruling by the court, counsel for the defendant object, and at their request this bill is sealed. [1]

Plaintiff's points were as follows:

6. If the jury believe that the agents furnished the blank for the proofs of loss, and the plaintiff furnished all the information which the blank required, as shown in this case, it is for the jury to determine whether the objections of the defendant company were in good faith or not; and it is also for the jury to determine whether the statement furnished is as particular as the case will admit of. *Answer :* This we think it our duty to affirm.

8. That the technical seizure of the property insured, by the sheriff, and the advertisement for sale, will not, in itself, render the policy void, and the jury may find for the plaintiff, regardless of these facts. *Answer :* We affirm this point. [3]

Defendant's points were as follows :

1. That under the evidence in this case concerning the proofs of loss furnished by plaintiff, and the neglect or refusal by plaintiff to furnish further information concerning the same, when requested by defendant company or its agents, that the verdict must be for the defendant. *Answer :* We decline to affirm this point. [4]

2. That under the undisputed evidence in this case concerning the levy upon and notice of sale of this property, the plaintiff cannot recover. *Answer :* This point is declined. [5]

3. That as no notice was given to the defendant by the plaintiff or its agents or attorneys, of the levy upon and advertisement for sale by the sheriff of the property insured, and as such levy and advertisement was such a concealment of the

material circumstances concerning the property insured as to vitiate said insurance under the conditions of said policy, that the verdict must be for the defendant. *Answer:* We decline to affirm this point. [6].

4. That under all the evidence in this case, the plaintiff cannot recover. *Answer:* This is declined. [7]

5. That under all the evidence in this case, there can be no recovery for the loss of the machinery claimed in this case. *Answer:* This is declined, also. [8]

The court charged in part as follows:

[Now, the question which I desire to submit to you, is, whether the plaintiff, in the paper which has been read to you, made such proof of the loss as could be done, under the circumstances of the case, such a proof of loss as is substantially compliance with the requirements of the policy.] [9]

[Then it is alleged, and there was some evidence here, that Mr. Sears represented himself as agent. He is the man who executed the affidavit of defense in this case; represented himself to be the agent of the company; came on there soon after the fire, and, as Mr. Haskell recollects, said to him that the company would not pay. Now, if he came on there immediately after the fire for the purpose of adjusting this loss, or any other purpose connected with this business, and informed Mr. Haskell or any member of the plaintiff company, that the defendant declined to pay, and would not pay, why, then that was a waiver of the proofs of loss. That was but a few days after the fire, when ample time was before them to make out such proofs of loss as was required. That is a question for the jury, whether he did or not.] [10]

[Now, did the plaintiff make out such proofs of loss in good faith, without any purpose or intention of defrauding the defendant company?] [11]

[Did this defendant act fairly with the plaintiff in the objection made and disclosed in the letter to this proof of loss, or was it a mere frivolous objection made to bother him, and put him in a bad position, and possibly dally it along beyond the time when the proof of loss under the policy could have been made?] [12]

[Did the plaintiff make what was considered by them, and

what ought, by reasonable men, to be considered a fair proof of the loss here? And did the defendant interpose frivolous objections to it, or were they real and substantial objections, such as affected the standing of the insurance company with reference to their liability upon the policy? That question is referred to you.] [13]

[If you find that the plaintiff failed to make such proofs of loss as he should have made, then, so far as the machinery is concerned, he could not recover; but if you find that he made such an honest, bona fide proof of loss as he is required to make under the policy, and that the defendant treated it unfairly, and not in good faith, why, then you could find for the machinery itself.] [14]

Verdict and judgment for plaintiff for $1,029. Defendant appealed.

*Errors assigned* were (1) ruling on evidence, quoting the bill of exceptions. (2–14) Above instructions, quoting them.

*H. C. Dornan* and *John Ormerod*, for appellant.

*W. I. Lewis*, for appellee.

OPINION BY BEAVER, J., May 22, 1902:

1. Some of the questions involved in this case are similar to those which have been disposed of in Ulysses Elgin Butter Co. v. Hartford Fire Ins. Co., post, p. 384. What is there said in regard to the right of a joint stock or partnership association, organized under the Act of June 2, 1874, P. L. 271, to recover upon a policy in which the word "Limited" was omitted will apply here.

2. As to the second question, which refers to the sufficiency of the proofs of loss, we have discussed that also in the opinion above referred to. The question was for the court: not did the plaintiff act in good faith? Did it comply with the conditions of the policy and did the proofs of loss measure up to the requirements of the policy? The time limit prescribed in the policy, within which the proofs of loss are to be furnished is not insisted upon here and, therefore, the delay of the de-

fendant in specifying wherein the proofs of loss were deficient is not vital. . If the defendant company were insisting upon the time limit, its own delay would, of course, be counted against it; but, as that is not the case, we do not see that the delay of the general agent of the company in calling attention to the deficiencies in the proofs of loss is material. For these and the reasons more fully stated in the opinion in No. 31 of October term, 1901, the ninth, tenth, eleventh, twelfth, thirteenth and fourteenth specifications of error, all of which relate to the charge of the court below in reference to the proofs of loss, are sustained.

3. Was it incumbent upon the plaintiff to give notice of the advertisement for sale of the insured property by the sheriff, upon a judgment recovered after the issuance of the policy? The plaintiff proved notice of the judgment and execution to the agent of the defendant company, which, although objected to at the time and objection overruled and bill sealed for the defendant, is not here assigned for error. We must take it for granted, therefore, that the notice of the judgment and the execution are admitted. Was it incumbent upon the plaintiff, under the terms of the policy, to give an additional notice of the advertisement by the sheriff? It is well settled that, " Where a provision in a policy can be reasonably taken, either in an enlarged or a restricted sense, but the limited construction is more beneficial to the insured and appropriate to the subject-matter of the contract and better effects the presumed intention to furnish the insured with indemnity, it will be adopted : " 9 P. & L. Dig. of Dec. 14756. It is also well settled that the clause relating to foreclosure proceedings does not apply to judgments : Collins v. London Assurance Corporation, 165 Pa. 298 ; Stainer v. Royal Ins. Co., 13 Pa. Superior Ct. 25. We are of the opinion, therefore, that it was not necessary to give additional notice of the advertisement by the sheriff. The notice of the judgment and the execution thereon having been given, the company was bound to take notice of what followed.

4. Whether the company denied liability or not is not, in our view of the case, a material question. There is no question of waiver here. The plaintiff volunteered to furnish proofs of loss. Having done so, it was bound to furnish such as were sufficient, under the terms and conditions of the pol-

icy.   Taking the testimony all together, including the expression in the letter written by the general agent of the defendant to the plaintiff that the company neither admitted nor denied liability under the policy, it may be doubted whether there was evidence upon which to found an expression of opinion by the court of the denial of liability but, in view of the immateriality of the question, we do not think there was. any error in this.

Holding as we do, that it was the duty of the court to determine the sufficiency of the proofs of loss, under the conditions of the policy, as a matter of law, and as a condition precedent to recovery, in the absence of any evidence of bad faith on the part of defendant, as to which, in view of the waiver of the time limit, as we have heretofore pointed out, there is none, we think this case must be retried.   Judgment reversed and a new venire awarded.