# Forester, to use, v. Teutonia Fire Insurance Company, Appellant.

*Insurance—Fire insurance—Statement as to loss—Waiver.*

Where a policy of fire insurance provides that in case of fire, the insured shall give immediate notice of the fire to the company, and within sixty days furnish a sworn statement as to the time and origin of the fire, the cash value of the property, and as to the ownership, encumbrances, other insurance, and occupancy of the building, and the insured after a fire gives immediate notice of the fire, but leaves the State without furnishing the statement, and absents himself for months, he cannot recover on the policy, although there was a total loss, and the adjuster went to the prem-

ises, but made no adjustment because of the failure to find the insured and secure from him essential information relating to the property.

Argued Oct. 26, 1914.  Appeal, No. 14, Oct. T., 1914, by defendant, from judgment of C. P. Potter Co., Dec. T., 1911, No. 175, on verdict for plaintiff in case of Jesse J. Forester to use of John Coulston v. Teutonia Fire Insurance Company.  Before RICE, P. J., ORLADY, HEAD, KEPHART and TREXLER, JJ.  Reversed.

Assumpsit on a policy of fire insurance.  Before ORMEROD, P. J.

The facts are stated in the opinion of the Superior Court.

Plaintiff presented the following points:

1. If the jury believed that the barn insured by defendant company in this case was owned by the insured and was totally destroyed by fire on January 12, 1911, and that the defendant company received notice of the loss on January 14, 1911, said notice of loss was sufficient.  Answer: This point is affirmed.  (1)

2. If the jury believe that the defendant company sent Addison G. Sweet to Andrews Settlement to adjust the loss and that he was upon the ground and viewed the ruins for that purpose which was a total loss, then no formal proof of loss from the assured could be required by the defendant company.  Answer: This point is affirmed.  (2)

Defendant presented these points:

3. The uncontradicted testimony showing that ten days after the fire the insured left the County of Potter and remained away for more than seven months; made no attempt to comply with the terms and conditions of his policy except verbal notice that a fire had occurred, or furnish any information to the defendant company relative to the origin of the fire, value of the building, concurrent insurance if any, interest of the insured in

the property or by whom or for what purpose the buildings described were occupied at the time of the fire, plaintiff cannot recover in this case and your verdict should be for the defendant. Answer: This point is refused. (3)

4. The uncontradicted evidence showing that no statement or information of any character was ever furnished to the defendant company by the insured, Jesse J. Forester, or any other person for him, relative to the origin of the fire, the interest of the insured and others in the property at the time of the fire, concurrent insurance if any upon the property destroyed, or the value of the building at the time of its destruction, no right of action had accrued against the defendant company at the time of the bringing of this suit the plaintiff cannot recover in this case, and your verdict should be for the defendant. Answer: This point is refused. (4)

Verdict and judgment for plaintiff for $345. Defendant appealed.

*Errors assigned* were (1-4) above instructions quoting them and (5) in refusing binding instructions for defendant.

*W. K. Swetland,* for appellant.—A policy of insurance with all its clauses, conditions and stipulations is the law of the relation between insurers and the assured, by which their mutual rights and liabilities are to be defined and measured: West Branch Ins. Co. v. Helfenstein, 40 Pa. 289; Mitchell v. Lycoming Mut. Ins. Co., 51 Pa. 402.

In all of the decided cases reported we have failed to find any case parallel in facts with this, but we submit the conditions of the policy were reasonable and required the insured to at least fairly comply with them: Trask v. State Fire, Etc., Ins. Co., 29 Pa. 198; Edwards v. Lycoming County Mut. Ins. Co., 75 Pa. 378; German American Ins. Co. v. Hocking, 115 Pa. 398; Gould v.

Dwelling House Ins. Co., 134 Pa. 570; Pierce Mfg. Co. v. Lebanon Mut. Ins. Co., 216 Pa. 265; Langan v. Royal Ins. Co., 162 Pa. 357; Ben Franklin Ins. Co. v. Flynn, 98 Pa. 627; Penna. Fire Ins. Co. v. Dougherty, 102 Pa. 568; Roe v. Dwelling House Ins. Co., 149 Pa. 94; Powell v. Agricultural Ins. Co., 2 Pa. Superior Ct. 151.

There was no waiver of any of the rights of the company: Beatty v. Lycoming Mut. Ins. Co., 66 Pa. 9; Dunn v. Farmers Ins. Co., 34 Pa. Superior Ct. 245; Freedman v. Providence, Etc., Ins. Co., 175 Pa. 350; Lapcevic v. Lebanon Mut. Ins. Co., 40 Pa. Superior Ct. 294.

*W. E. DuBois,* for appellee.—Under all the circumstances we think the court was justified in submitting to the jury the fact, as he did, whether the defendant waived its right to demand formal proofs of loss, and that the company had received sufficient notice: Home Ins. Co. v. Davis, 98 Pa. 280; Farmers Mut. Fire Ins. Co. v. Moyer, 97 Pa. 441; Rice v. Palatine Ins. Co., 17 Pa. Superior Ct. 261.

OPINION BY RICE, P. J., July 21, 1915:

The policy of insurance upon which this action was brought was issued by the defendant, through its agent, the Daniels Insurance Agency, and May 10, 1910, for an amount not exceeding $1,100, of which $600 was on a dwelling house, $200 on household furniture, etc., therein, and $300 on a barn, all being situated on the plaintiff's premises containing less than an acre. By the terms of the policy additional insurance was permitted; the company was not liable beyond the actual cash value of the property at the time the loss or damage should be ascertained, which in no event should exceed what it would then cost insured to repair or replace with material of like kind and quality; the ascertainment was to be made by the insured and the company, or, if they differed, by appraisers; and the sum for which the company was liable was not payable until "sixty days after

due notice, ascertainment, estimate, and satisfactory proof of the loss have been received by this company in accordance with the terms of this policy." It was further stipulated in the policy, that if fire occurred the insured should give immediate notice of any loss thereby in writing to the company; that within sixty days after the fire, unless the time was extended in writing by the company, he should render to the company a sworn statement setting forth, inter alia, his knowledge and belief as to the time and origin of the fire, his interest and that of others in the property, its cash value, the incumbrances thereon, other insurance covering the property, whether valid or not, by whom and for what purpose the building was occupied at the time of the fire; and that as often as required he should exhibit to any person designated by the company all that remained of the property insured, and should "submit to examinations under oath by any person named by this company and subscribe the same."

About six o'clock on the morning of January 12, 1911, the barn was burned to the ground, and on the same day the plaintiff caused notice of the fire, but without giving any particulars, to be transmitted by telephone to the Daniels Insurance Agency. Thereupon its manager mailed to the defendant a written loss report, in which the name of the assured, the character of the risk, the location of the property, the date and number of the policy, the date of the fire, the burning of the barn, and estimate of loss to the company ($300) were set forth. As to the origin of the fire the notice stated, "We are not informed." The manager made several efforts, by telephone and by letters mailed to the plaintiff at his post-office address, to get into communication with him, but without success. On January 25, 1911, an adjuster of the company, by its direction, went to the premises to investigate and with the expectation of adjusting the loss. He found that the barn was totally destroyed. He made inquiry for the plaintiff, but was unable to find

him or to learn his whereabouts, and no person representing or claiming to represent him appeared to make claim or give information. After leaving word with a person with whom the plaintiff had boarded for the latter to meet him the following day at Olean, the adjuster went away. The plaintiff did not appear at the time and place designated, or at any later time or other place. The fact is, that at that time he had left the State and his whereabouts were unknown, although efforts were made by his friends to ascertain them and to get into communication with him. Eight months later he returned to Pennsylvania, and on October 9, 1911, assigned all his right, title, and interest in and to the policy to the use-plaintiff, a judgment creditor, and thereupon this action was brought.

The defendant offered no evidence on the trial of the case, but it is seen from the foregoing statement of the facts developed in the presentation of the plaintiff's case, that the only attempt the plaintiff made to comply with the conditions of the policy was to cause information of the fire to be telephoned to the local agency; he made no attempt whatever to furnish the statement which the other conditions of the policy called for. We cannot agree to the proposition that, because the building was totally destroyed and the adjuster of the company viewed the premises after the fire, the necessity of complying with these conditions precedent to the maintenance of an action was dispensed with. Perhaps it might have been if, by the preliminary notice and the adjuster's viewing of the premises, the company had gained the substantial information which the statement would have furnished, upon the principle that the law does not require the performance of vain things. See Lycoming Mut. Ins. Co. v. Schollenberger, 44 Pa. 259; Farmers' Mut. Fire Ins. Co. v. Moyer, 97 Pa. 441; Gartsee v. Citizens' Ins. Co., 30 Pa. Superior Ct. 602. But there is a plain distinction between cases of the class to which these belong and the present case, which must be ob-

served unless the conditions of the policy in suit are to be arbitrarily ignored or set aside. This distinction was pointed out in German-American Ins. Co. v. Hocking, 115 Pa. 398, where, after reviewing several of the earlier cases, Justice CLARK said: "But it will be observed, that the policy in suit requires that certain specific matters shall be stated to the company, under oath, which by its special provisions are essential in the ascertainment of the extent of the company's liability, when there is but a single subject insured, and a total loss, as the particular statement is, where there are numerous subjects, or the loss partial." All that was said in that case regarding the reason of the condition and necessity of complying with it before bringing suit, applies with equal force here. By no sort of casuistry can the conclusion be reached in the present case that the company had all the information as to material facts which the furnishing of such a statement as the policy required would have given. Not only was the statement not furnished, but the plaintiff, by his conduct, as effectively put it out of the power of the company to obtain the information from him as if he had positively refused to furnish it on demand. Clearly, there was neither strict nor substantial performance of the reasonable condition; nor was there a bona fide effort to perform.

Is there any evidence of waiver by the company of the condition requiring the statement to which we have referred to be furnished by the insured within sixty days after the fire? In Beatty v. Lycoming County Mut. Ins. Co., 66 Pa. 9, Justice SHARSWOOD said upon the subject of waiver: "Now to constitute a waiver there should be shown some official act or declaration by the company during the currency of the time, dispensing with it; something from which the assured might reasonably infer that the underwriters did not mean to insist upon it." It needs no argument to show that the fact that the company sent its adjuster to the premises to investigate and, if possible, adjust the loss, considered in connection

with the plaintiff's conduct to which we have referred, furnished no ground for reasonable inference by him or anyone else that the company did not mean to insist on the statement being furnished. In the later case of Gould v. Dwelling House Ins. Co., 134 Pa. 570, Justice MITCHELL reviewed many of the earlier decisions upon the subject of waiver, including Beatty v. Ins. Co., and formulated the rule deducible therefrom as follows: "If the insured, in good faith, and within the stipulated time, does what he plainly intends as a compliance with the requirements of his policy, good faith equally requires that the company shall promptly notify him of their objections, so as to give him the opportunity to obviate them; and mere silence may so mislead him to his disadvantage, to suppose the company satisfied, as to be of itself sufficient evidence of waiver by estoppel. But if without valid reason he fails to comply with the requirements of his policy at all, or to do so within the stipulated time, then the liability of the company is discharged; and mere silence, or investigation, or even negotiation, will not, in the words of SHARSWOOD, J., in Beatty v. Insurance Co., 'revivify the contract.'" Whether the strict rule of Beatty v. Ins. Co. be applied or the case be viewed in the light of the more liberal doctrine of Gould v. Ins. Co., the conclusion is inevitable that there was no waiver by the company.

It results from the foregoing conclusions, that the defendant was entitled to have its points for binding direction affirmed, or, failing in that, to have judgment entered in its favor upon the whole record non obstante veredicto.

The judgment is reversed and is now entered for the defendant.