Stoyer, Appellant, *v.* Franklin Fire Insurance Co.

556

Argued April 20, 1934.

Before Trexler, P. J., Keller, Baldrige, Stadtfeld, Parker and James, JJ.

*J. M. Lininger* of *Lininger & Lininger*, for appellant.

*Martin E. Cusick*, and with him *Service, McNeal and Buckley*, for appellee.

Opinion by Stadtfeld, J., October 3, 1934:

This is an action in assumpsit by Margaret Ann Stoyer against The Franklin Fire Insurance Company on a policy of insurance in the sum of $800 issued on or about April 5, 1928, covering the household goods of plaintiff at her dwelling then located at Sharon, Pennsylvania. She subsequently moved to Salem

Township and the policy was endorsed to cover at the latter location.

On August 2, 1930, the household goods insured were destroyed by fire.

The policy contained inter alia, the following conditions: "The assured shall give immediate notice in writing to this company of any loss or damage, protect the property from further damage forthwith separate the damage and undamaged personal property, put it in the best possible order, furnish a complete inventory of the destroyed, damaged and undamaged property, stating the quantity and the cost of each article, and the amount claimed thereon; and the insured shall, within sixty days after the fire, unless such time is extended in writing by this company, render to this company a proof of loss signed and sworn to by the insured, stating the knowledge and belief of the insured as to the time, origin of the fire, etc."

"No suit or action on this policy for the recovery of any claim shall be sustainable in any court of law or equity unless the claimant shall show compliance with all the requirements of this policy, nor unless commenced within twelve months next after the fire."

On July 25, 1931, plaintiff entered suit against defendant, and on September 15, 1931, filed statement of claim in which she set forth the foregoing facts, and, in addition, that she sustained a loss in the sum of $735; that she had done and performed all things necessary for her to do and perform under the terms of said policy and that the defendant company refused to pay plaintiff the amount of said loss or any part thereof.

The defendant company filed an affidavit of defense, denying, inter alia, that the plaintiff had performed all the conditions of the policy as averred in plaintiff's statement, and averring (a), that plaintiff had failed

to give immediate notice in writing of the loss and damage incurred by reason of said fire, no notice having been given to defendant company until April 15, 1931, more than eight months after the fire; (b), did not furnish a complete inventory of the destroyed, damaged and undamaged property, and (c), did not within sixty days after the fire render to the defendant company a proof of loss as required by the terms of said policy. It also set up as New Matter that the policy had been cancelled prior to the fire, towit: on or about July 11, 1928 (1930).

Plaintiff filed a reply in the nature of a demurrer, to the New Matter set forth in the affidavit of defense. This was overruled by the court below. Plaintiff thereupon filed a reply in which she denied the cancellation of the policy before the fire. The case came on for trial before the court and a jury. At the conclusion of the testimony ex parte plaintiff the court gave binding instructions for defendant. Plaintiff subsequently filed a motion "to take off the non-suit." There was no motion made for a new trial. The court however treated the motion to take off the non-suit as if a motion for new trial. The trial court refused a new trial in an opinion by McLAUGHRY, P. J., and judgment was thereupon entered on the verdict. From that judgment this appeal was taken.

The only assignments of error necessary to consider are (a) affirmance of defendant's motion for binding instructions, and (b) the refusal of a new trial.

At the trial of the case it was admitted that plaintiff did not give immediate notice of the loss nor did she furnish proofs of loss within sixty days as required under the terms of the policy. The first notice she gave to the company was, according to her own testimony, "somewhere around the first of April" following the fire which occurred August 2 the year before. She endeavored to excuse her failure to comply

with these conditions of the policy by reason of the fact that in the fire in which the loss occurred her eldest son had been so severely burned that it required his being taken to the Greenville Hospital where he was confined for a period of three weeks, after which he was taken to plaintiff's home where plaintiff nursed and took care of him until his substantial recovery about Christmas following; that as a result of the injuries to her son, her mind was so affected that she did not think of the insurance. This testimony was first admitted under objections ex parte defendant, but subsequently stricken from the record. Plaintiff, in her statement of claim had averred performance of all the conditions of the policy and had not averred any legal excuse for non-performance. Waiving any technical question of pleading, we do not think the testimony was competent to excuse her failure to give notice or furnish proofs of loss as required under the policy. There was no evidence to show that plaintiff herself was either physically or mentally disabled. While the circumstances are such as to awaken sympathy, we can not allow that to influence or govern the determination of the respective rights of the parties in construing a written contract.

Appellant cites a line of cases in support of excusing strict performance in the requirement of notice, etc., but in each and every one the injured or incapacitated party was the insured himself. Such is not the case at bar. Under the undisputed testimony, it was a question of law for the court to decide whether there was undue delay: Edelson v. American Employers Insurance Co., 92 Pa. Superior Ct. 90; Parker v. Middlesex Mut. Assurance Co., 179 Mass. 528, 61 N. E. 215; Butler Candy Co. v. Springfield F. & M. I. Ins. Co., 296 Pa. 552, 146 A. 135. We believe that the trial judge was right in holding that plaintiff failed, under her own testimony, to show a reasonable excuse

for her failure to comply with the terms of the policy in the matters mentioned, within the time stipulated.

Testimony was presented on behalf of plaintiff that on or about April 18th, over eight months after the fire, an adjuster on behalf of the company called on plaintiff and made out an itemized list of the articles destroyed or damaged and agreed with plaintiff on their value in the sum of $735, which plaintiff testified the adjuster said the company would pay in settlement of the loss. At the same time a non-waiver agreement was executed by plaintiff, and by the adjuster on behalf of the company, setting forth that action taken by the company in the investigation or ascertainment of the amount of value and loss or damage, shall not waive or invalidate any condition of the policy, nor the rights of either of the parties, and such action shall not be, or claimed to be, any admission of liability on part of the company. Appellant contends that such action on the part of the company constituted a waiver of the conditions of the policy in regard to the provisions requiring notice and furnishing of proofs of loss. With this contention we can not agree.

As stated in Beatty v. Lycoming Mutual Ins. Co., 66 Pa. 9, 17: "Now, to constitute a waiver, there should be some official act or declaration by the company, *during the currency of the time,* dispensing with it, something from which the insured might reasonably infer that the underwriters did not mean to insist upon it. As is remarked by the Chief Justice in Diehl v. Adams County Ins. Co., 8 P. F. Smith 443, 452, 'This never occurs unless intended, or where the act relied on ought in equity to estop the party from denying it.' Mere silence is not enough. After the thirty days had expired without any statement, nothing but the express agreement of the company could renew or revivify the contract." (Italics supplied.) This case

was approved and followed in the recent case of Collins v. Home Ins. Co. of New York, 110 Pa. Superior Ct. 72, 167 A. 621, in an opinion by our Brother PARKER. See also to same effect, Gould v. Dwelling House Ins. Co., 134 Pa. 570, 19 A. 793; Forester v. Teutonia Fire Ins. Co., 60 Pa. Superior Ct. 151; Gerber v. Fletcher, (Union Indemnity Co. et al., Garnishee), 108 Pa. Superior Ct. 226, 164 A. 135; Butler C. Co. v. Springfield F. & M. I. Ins. Co., supra.

Where the insured, without valid reason, fails to comply with the requirements of the policy within the stipulated time, mere silence or investigation or even negotiation, in the terms of the adjudicated cases, will not effect a waiver of the provisions of the policy. There is no evidence in the instant case that anything was done on the part of the insurance company during the currency of time, that is within the sixty day period, to mislead the insured. There was, therefore, no waiver of the terms of the policy. No waiver was pleaded on behalf of plaintiff. Plaintiff did not allege fraud, accident or mistake in the execution of the non-waiver agreement.

In view of the foregoing conclusions, it is not necessary to discuss the question of the alleged cancellation of the policy.

The motion to quash the appeal on the ground that plaintiff filed a motion to take off a non-suit in place of a motion for new trial is denied.

The assignments of error are overruled and judgment affirmed.