Barnes *v.* North American Accident Insurance Company, Appellant.

Argued March 15, 1954. Before RHODES, P. J., HIRT, ROSS, GUNTHER, WRIGHT, WOODSIDE and ERVIN, JJ.

*F. Lyman Windolph,* with him *John I. Hartman, Jr.* and *Windolph & Johnstone,* for appellant.

*Richard A. Snyder,* with him *Paul A. Mueller,* for appellee.

OPINION BY GUNTHER, J., July 13, 1954:

This is a claim arising from the interpretation of a policy of insurance covering injury or death from accidental means. The court below entered a directed verdict for the plaintiff for the full amount of the policy.

This appeal involves an exclusion in the policy which reads as follows: "This policy does not cover the Insured . . . for any loss resulting from injuries, fatal or non-fatal, except drowning of which there shall be no visible mark or contusion on exterior of the body at the place of injury, the body itself in case of death not to be deemed such." The decedent admittedly died from asphyxiation. The defendant first filed a demurrer to the complaint because the plaintiff had not averred the existence of visible marks or contusions as set forth in the exclusion clause. The demurrer was overruled and the defendant filed an answer admitting the material allegations of the complaint but alleging as new matter that the death did not result from an injury exhibiting a visible mark or contusion. The directed verdict for plaintiff was entered after the

defendant's offer of proof of absence of visible marks was denied.

The court below held that the exclusion clause was ambiguous and meaningless. The two possible interpretations were held to be either that any injury, except drowning, is excluded if unaccompanied by visible marks or contusions, or that no recovery may be had for any injury except drowning which is so unaccompanied. The absence of a comma after the word "drowning" raised the question as to whether the following phrase modifies "drowning" or relates back to the word "injuries", as contended by the defendant.

The primary purpose of this insurance policy was to protect the deceased against accidental injury or death. The death was admittedly due to an accidental asphyxiation. To deny recovery the death must clearly come within one of the exclusions. The exclusion clause in question presents a patent ambiguity. Although ambiguities caused solely by punctuation will be resolved by considering the plain meaning of the words (*Richter v. Commonwealth Casualty Co.*, 93 Pa. Superior Ct. 28), the addition of a comma in this phrase would not result in the desired clarity. The exclusion is so worded as to give rise to several interpretations, with or without commas. The result is a virtually meaningless phrase and must therefore be construed in favor of the insured in order not to defeat, without plain necessity, the claim to indemnity which it was the insured's object to obtain. *Armon v. Aetna Casualty & Surety Co.*, 369 Pa. 465, 87 A. 2d 302; *Koser v. American Casualty Co. of Reading*, 162 Pa. Superior Ct. 63, 56 A. 2d 301. The burden was upon the defendant to establish that the plaintiff's accident was excluded by the policy. *Richman v. Home Insurance Co. of N. Y.*, 172 Pa. Superior Ct. 383, 94 A. 2d 164. To do so it was necessary to rely on the ambigu-

ous exclusion clause, which fails to sustain the interpretation desired by defendant. It was therefore proper for the court below to exclude defendant's testimony in respect to visible marks on the deceased's body and to direct a verdict for plaintiff on the admitted facts.

Judgment affirmed.