Kenny *v.* Lieberman et al., Appellants.

Argued March 3, 1958. Before RHODES, P. J., WRIGHT, WOODSIDE, ERVIN, and WATKINS, JJ. (HIRT, and GUNTHER, JJ., absent).

Before PINOLA, J.

*James Lenahan Brown,* with him *Frank McGuigan,* and *Flood and Brown,* for appellants.

*John Arnold Crisman,* with him *H. Monroe Houtz,* for appellees.

OPINION BY ERVIN, J., June 11, 1958:

These are *two* individual appeals from the refusal of the court below to grant defendants' motions for judgment n.o.v. Since the facts are the same in both cases, they will be disposed of in one opinion.

As a result of an accident that occurred on April 24, 1950, the plaintiffs instituted actions in trespass on April 21, 1952 by the issuance of summons against Posten Taxi Company. On May 8, 1952 an appearance was entered by an attorney for the defendant, Posten Taxi Company. Complaints were filed in February of 1954. In April and March of 1954 amended complaints were filed naming Harry Lieberman and Hermoine H. Lieberman, trading as Posten Taxi Company, as defendants. The amended complaints were thereafter served on both of the defendants. Subsequent to the service of the amended complaints, the attorney for the defendant, Posten Taxi Company, was permitted to withdraw his appearance. On October 11, 1956 a petition was filed indicating that James Lenahan Brown and Daniel Flood represented the defendant, Posten Taxi Company, and H. Monroe Houtz and John Arnold Crisman represented the plaintiffs. The two cases were tried together on December 3, 1956 and the jury returned verdicts in favor of the plaintiffs and against Harry Lieberman and Hermoine H. Lieberman, trading as Posten Taxi Company, in the sums of $1,500.00 and $1,000.00 respectively. At the end of the plaintiffs' cases the defendants' attorneys filed motions for nonsuits specifically stating in paragraph 4 thereof: "The Plaintiffs have offered no evidence connecting the defendants, Harry Lieberman and Hermoine H. Lieberman, individually, with responsibility for the

tort in question and, therefore, it is requested that a nonsuit be entered as to Harry Lieberman and Hermoine H. Lieberman individually."

After the verdicts, defendants' attorneys moved for judgment n.o.v. and gave the caption of the case as against Harry Lieberman et al., defendants.

The amended complaint named the two partners who operated the Posten Taxi Company, whereas the original complaint merely named the Posten Taxi Company as defendant. The defendants' attorneys never raised the question of jurisdiction of the person until the time of argument on the motion for judgment n.o.v.

Pa. R. C. P. No. 1032 provides: "A party waives all defenses and objections which he does not present either by preliminary objection, answer or reply. . . ." There are certain exceptions to this rule but jurisdiction of the person is not one of them.

Pa. R. C. P. No. 1017(a) sets forth the pleadings allowed. Subsection (b)(1) provides: "Preliminary objections are available to any party and are limited to (1) A petition raising a question of jurisdiction;".

Pa. R. C. P. No. 1030 provides that all affirmative defenses shall be pleaded in a responsive pleading. Defendants did not file an answer to either the original or amended complaint, nor did they file preliminary objections to the amended complaint. Defendants' jurisdictional objections come too late and must be considered as having been waived.

On April 24, 1950 the two plaintiffs, Anne Kenny and Kathryn Kerestes, were passengers in a taxicab owned by Harry Lieberman and Hermoine H. Lieberman, trading as Posten Taxi Company. The plaintiffs testified that they boarded the taxi at the square in Wilkes-Barre. The driver thereafter started the taxi, made a right turn into Butler Alley and "seemed to be turning on the two wheels" and traveling at about 45

miles an hour. Another car approached from a parking lot located along the alley and there was a screeching of brakes and a crash. The taxi was stopped so quickly that both passengers were thrown forward. Anne Kenny landed on top of the driver and was rendered unconscious, while Kathryn Kerestes went over the front seat, then "jarred back" and landed on the floor of the cab.

The relation between appellants and plaintiffs was that of common carrier and passengers for hire, with the result that the duty of care imposed upon the driver must be judged by a much stricter standard than in the case of an ordinary motorist. While a common carrier for hire is not an insurer of the safety of its passengers, it must exercise at all times the highest degree of care, vigilance and precaution in their transportation. *Dayen et vir v. Penn Bus Co.,* 363 Pa. 176, 69 A. 2d 151.

Taking the evidence in the light most favorable to the plaintiffs, as we must, we are of the opinion that the appellants failed to exercise the required degree of care necessary under the circumstances. The charge of the court below was free from error and the cases were properly left to the jury.

Judgments affirmed.