Mott (et al., Appellant) *v.* Fireman's Insurance Company of Newark.

Argued November 17, 1958.  Before RHODES, P. J., HIRT, GUNTHER, WRIGHT, ERVIN, and WATKINS, JJ. (WOODSIDE, J., absent).

*Allen N. Brunwasser,* for appellant.

*Preston J. McDonnell,* with him *Meyer, Darragh, Buckler & McDonnell,* for appellee.

OPINION BY ERVIN, J., December 9, 1958:

On June 26, 1954 the defendant, Firemen's Insurance Company of Newark, New Jersey, hereinafter called "company," issued a policy of insurance to one Emerson Mott insuring a certain 1947 Mercury four-door sedan bearing Serial No. 799A1632540, hereinafter called car "A", against, inter alia, theft, to the extent of its actual cash value, for one year. The policy designated Emerson Mott as the named insured. It contained the following clause: "Loss Payee: Any loss under coverages D, E, F, G, H and I is payable as interest may appear to the Named Insured and Lawrence Ward, 1612 Fifth Avenue, Pittsburgh 19, Pa." The address of Emerson Mott, as stated in the policy, was 1415 Fifth Avenue, Pittsburgh 19, Pa. Clause D included loss or damage caused by theft. The policy, by a rider attached thereto, further provided: "Loss or damage, if any, under the policy shall be payable as interest may appear to Lawrence Ward, 1612
                                        Lienholder
Fifth Avenue, Pittsburgh 19, Pa. and this insurance as to the interest of the Bailment Lessor, Conditional

Vendor or Mortgagee or Assignee of Bailment Lessor, Conditional Vendor or Mortgagee (herein called the Lienholder) shall not be invalidated by any act or neglect of the Lessee, Mortgagor or Owner of the within described automobile nor by any change in the title or ownership of the property; provided, however, that the conversion, embezzlement or secretion by the Lessee, Mortgagor or Purchaser in possession of the property insured under a bailment lease, conditional sale, mortgage or other encumbrance is not covered under such policy, unless specifically insured against and premium paid therefor; and provided, also, that in case the Lessee, Mortgagor or Owner shall neglect to pay any premium due under such policy the Lienholder shall, on demand, pay the same.

"Provided also, that the Lienholder shall notify the company of any change of ownership or increase of hazard which shall come to the knowledge of said Lienholder and, unless permitted by such policy, it shall be noted thereon and the Lienholder shall, on demand, pay the premium for such increased hazard for the term of the use thereof; otherwise such policy shall be null and void."

Lawrence S. Ward, bailor, joining Emerson Mott, bailee, as a plaintiff, sued defendant company on the above mentioned policy after the automobile covered by the policy was stolen, the theft having taken place on or about October 6, 1954. At the trial Ward testified that he owned two cars, both 1947 Mercury sedans, and both almost identical except for color; that he sold car "A" to Mott on or about June 24, 1954 and had obtained the policy of insurance in question on June 26, 1954, insuring the vehicle sold with Emerson Mott as the owner and himself as the lienholder; that a day or two later Mott became dissatisfied with the vehicle he had purchased and had exchanged it for

the second Mercury sedan, hereinafter called car "B"; that he, Ward, retained possession and control of car "A" after its return and had it parked in the street in front of his property until October 6, 1954, when it was stolen. He further testified that title to car "A" was not transferred to him and that title to car "B" was never transferred to Mott because of a dispute between them as to who would pay the sales tax, which dispute had not been settled down to October 6, 1954. At the close of plaintiffs' case the trial judge, on the motion of the defendant company, entered a compulsory nonsuit. After the refusal of the court below in banc to take off the nonsuit and grant a new trial, Ward appealed.

One of the reasons assigned by the court below for its disposition of the case was that it had permitted Ward to testify as to the actual cash value of car "A". It was not error to permit Ward to so testify, whether he be considered an owner or a lienholder of car "A". The policy of insurance issued in this matter was undoubtedly intended to comply with the Pennsylvania law that "Such insurance shall be written for the dual protection of the buyer and of the seller, or subsequent holder, to the extent of his interest in the motor vehicle. Such insurance shall be for an amount, and period of time, and upon terms and conditions, which are reasonable and appropriate considering the type and condition of the motor vehicle, the amount of the time balance and the schedule of payments in the installment sale contract." Act of June 28, 1947, P. L. 1110, §17, 69 PS §617.

This policy of insurance was issued to protect either the lessor or the lessee as their interest might appear. Any loss payable under clause D was expressly made payable to Lawrence Ward, who had a real interest in the car whether he be considered owner or lien-

holder. It is well established in Pennsylvania that an owner may testify as to the value of insured goods: *Patterson v. Union Transfer Co.*, 87 Pa. Superior Ct. 257; *Denney v. Fenton Storage Co.*, 124 Pa. Superior Ct. 81, 188 A. 92; *Czerwinski v. Insurance Co.*, 138 Pa. Superior Ct. 84, 10 A. 2d 40; *Pavloff v. Clairton*, 146 Pa. Superior Ct. 158, 22 A. 2d 74. In *Esper v. Northwestern National Ins. Co.*, 113 Pa. Superior Ct. 243, 248, 173 A. 724, Judge KELLER, later President Judge, stated that the above rule "will be interpreted to include the husband of the owner, if he bought the goods for her and was familiar with their cost, the time when obtained and the condition of the goods at the time of the fire." In the present case Ward was either the present owner or had recently been the owner of car "A". He testified that at the time he bought both cars they were selling for around $500.00, $550.00 and $595.00; that the car was in good condition; that it was a 1947 Mercury four-door sedan; that before he sold the car to Mott he had shopped around at different dealers to inquire what they were asking for a car of that model and that type and he ascertained that they were selling for around $500.00; that he also shopped around after the car was stolen in October 1954 to see what the car was worth; that he asked a number of dealers as to its value in order to get an approximate figure of value. The cases of *Denney v. Fenton Storage Co.* and *Pavloff v. Clairton*, supra, are directly in point and approve of the course pursued by Ward to inform himself of actual value. Ward was qualified by reason of his relationship as owner, recent owner or lienholder, to give estimates of the value and the weight of his evidence is for the jury.

The action of the court below was also based upon the failure of Ward to comply with the provision of the policy requiring notice to the company of the

change in ownership of the car and of any increase in hazard thereto. There was nothing in the pleadings to establish this issue. In *Zenner v. Goetz (Travelers Ind. Co.)*, 324 Pa. 432, 435, 188 A. 124, Mr. Justice, later Chief Justice, MAXEY said: "When a defendant seeks to avail himself of a substantive defense reserved in a policy of insurance, when he relies upon a fact specifically mentioned in a policy as relieving him of a liability generally assumed in the policy, the defense becomes an affirmative one and the defendant at that point must shoulder the duty of coming forward with evidence in support of what he affirms." An affirmative defense must be pleaded or it is waived under Pa. R. C. P. No. 1032. See also our recent opinion in *Kenny v. Lieberman,* 187 Pa. Superior Ct. 6, 142 A. 2d 784. In *Frank v. Nash,* 166 Pa. Superior Ct. 476, 71 A. 2d 835, we stated that an insurance company, in order to take advantage of a condition such as is here involved, must show that it was prejudiced by the omission or failure of the insured to act. The clause here involved expressly provides that the policy shall not be invalidated by any change in the title or ownership of the car but provides that the lienholder shall notify the company of the change and then further provides that the lienholder shall on demand pay the premium for such increased hazard. The purpose of this clause is to secure payment of an additional premium caused by any increased hazard. There is no proof in this case that there was an increased hazard nor that any additional premium is due. The car was in possession of one of the two persons expressly mentioned in the policy and payment for loss was sought by one to whom it was expressly made payable by the policy. The evidence further reveals that the car was in front of the address expressly mentioned in the policy as Ward's residence at the time of its disappear-

ance and that this was only about two blocks away from Mott's residence. There is nothing in the evidence to indicate that any demand was ever made by the company for an increased premium or that such demand was refused by Ward. Any ambiguity in the terms of a policy must be construed against the insurance company in order not to defeat, without plain necessity, the loss insured against: *Barnes v. North American Accident Ins. Co.*, 176 Pa. Superior Ct. 294, 107 A. 2d 196. See also *Armstrong v. John Hancock Mutual Life Ins. Co.*, 164 Pa. Superior Ct. 507, 66 A. 2d 468. In *Fedas v. Insurance Co. of the State of Pa.*, 300 Pa. 555, 151 A. 285, our Supreme Court, at page 559, said: "The utmost fair dealing should characterize the transactions between an insurance company and the insured."

The evidence in the present case reveals that on June 26, 1954 the company received a total premium of $127.00 to cover certain items of insurance for one year; that a day or two later the car was returned by the purchaser to the seller. There is no evidence that the company ever offered to return the whole or any part of the $127.00 premium although it now contends that its liability terminated after one or two days of coverage.

Order reversed and a new trial is granted.