Sheppard, Appellant, *v.* First Pennsylvania
Banking & Trust Company.

Argued June 14, 1962. Before RHODES, P. J., ER-
VIN, WRIGHT, WOODSIDE, WATKINS, MONTGOMERY, and
FLOOD, JJ.

*David Freeman,* for appellant.

*Ralph S. Croskey,* with him *Leo Francis Doyle,* for appellee.

OPINION BY ERVIN, J., September 13, 1962:

Plaintiff, Olivia Sheppard, sued the defendant, First Pennsylvania Banking and Trust Company, in an action in assumpsit. The complaint averred that an automobile had been purchased by plaintiff under a bailment lease contract; that it had been repossessed by the defendant upon failure to make the payments which were provided for under the bailment lease; that defendant had given the 15-day notice for redemption to the plaintiff as provided for under §25 of the Act of 1947, P.L. 1110, 69 PS §625; that a demand had been made upon the defendant but it failed to produce the said automobile. Plaintiff claimed for the value of the automobile and certain articles of personalty which were contained in the automobile when it was repossessed. The defendant filed an answer which denied that demand had ever been made upon the defendant for the return of the automobile.

At the trial the defendant offered to prove that the storage lot where the automobile was placed after repossession was a safe one and that the defendant was not negligent. Plaintiff objected to this evidence and was sustained. A verdict was rendered in favor of the plaintiff, which the court below molded so that the amount of the verdict represented the plaintiff's equity in the automobile. The jury refused to allow the plaintiff any damages for the articles of personalty alleged to have been in the car at the time of repossession. The defendant filed a motion for judgment n.o.v. The

court below refused this motion but granted a new trial, stating: "We are of the opinion that the issues were not fully presented to the jury and in the interest of justice, a new trial was granted by this court."

In its opinion the court below also stated: "The Motor Vehicle Sales Finance Act, 69 PS Sec. 601 et seq., provides for repossession of an automobile after default, Section 23; for redemption after repossession, Section 25, and for sale of the automobile if it is not redeemed, Section 26. But the Act does not specifically determine the status or the risk of loss during the period between repossession and redemption.

"We do not believe that the lender who repossesses the automobile after default is an insurer. He is merely a lawful bailee subject to the obligations of a bailee. Hence we believe the trial judge should have permitted the defendant to offer evidence of the due care exercised under the circumstances."

Plaintiff filed this appeal and argues that the court below should not have granted a new trial to adjudicate issues not raised by the pleadings.

It is true that our appellate courts have frequently said that under Pa. R.C.P. 1032 "A party waives all defenses and objections which he does not present either by preliminary objection, answer or reply. . . ." *Filler Products, Inc. v. Corriere,* 381 Pa. 394, 399, 113 A. 2d 219; *Lang v. Recht,* 171 Pa. Superior Ct. 605, 608, 91 A. 2d 313; *Kenny v. Lieberman,* 187 Pa. Superior Ct. 6, 9, 142 A. 2d 784; *Mott v. Fireman's Insurance Co. of Newark,* 188 Pa. Superior Ct. 359, 365, 146 A. 2d 645. But it is also true that Pa. R.C.P. 1032 means only that the affirmative defenses listed in Rule 1030 are waived at the trial if not properly raised in the pleadings but not that amendments to pleadings are prohibited: 2A Anderson Pa. Civ. Pract. 350.

Under Pa. R.C.P. 1033 a party "by leave of court, may at any time . . . amend his pleading. The amended

pleading may aver transactions or occurrences which have happened before or after the filing of the original pleading, even though they give rise to a new cause of action or defense. An amendment may be made to conform the pleading to the evidence offered or admitted."

"An amendment may be allowed after the pleadings are closed, while a motion for judgment on the pleadings is pending, at the trial, after judgment, after an award or arbitration has been made and an appeal taken therefrom." 2A Anderson Pa. Civ. Pract. 387, 388, 389.

The allowance of an amendment of pleadings is within the discretion of the trial court. In the absence of a proper and compelling ground for refusing an amendment, the court should grant leave to amend. Its refusal to do so, under some circumstances, is an abuse of discretion which is reversible on appeal. 2A Anderson Pa. Civ. Pract. 404.

When the court below granted the new trial in this case so that issues which were not fully presented to the jury could be presented in the interest of justice, we are of the opinion that the court intended that the defendant's answer should be amended so as to permit it to present evidence to show that it exercised proper care as a bailee of the repossessed automobile. The plaintiff may not plead surprise because she will have an opportunity to prepare for the new trial. It might be entirely proper for a trial judge to refuse to allow an amendment at a trial when to permit the same would cause surprise in the technical sense to the adverse party. The essence of the plaintiff's complaint in the present case was that the defendant was a bailee during the 15-day period that it was obliged to retain possession of the automobile in order to permit the plaintiff to redeem upon payment of the balance due under the instalment contract. The plaintiff, there-

fore, should have foreseen that the defendant might well raise the usual defense raised in this type of case, to wit: due care of the bailment. We agree with the court below that in order to do justice in this case the question of due care by the defendant should have been submitted to the jury under proper instructions. If the defendant were negligent, a recovery was in order. If the defendant was not negligent, it should have the verdict. As stated by the court below: "There was also considerable evidence to support an inference that the automobile may have been removed by the plaintiff from the lot where it had been stored by the defendant."

One of the least assailable grounds for the exercise of the power to grant a new trial is the trial court's conclusion that the verdict was against the weight of the evidence and that the interests of justice therefore require that a new trial be awarded: *Bellettiere v. Philadelphia,* 367 Pa. 638, 81 A. 2d 857; *Jedwabny v. Phila. Tr. Co.,* 390 Pa. 231, 135 A. 2d 252; *Lenik Condemnation Case,* 404 Pa. 257, 259, 172 A. 2d 316.

Order affirmed.