385 A.2d 562

**Douglas FISHEL, Appellant,**

v.

**YORKTOWNE MUTUAL INSURANCE CO.**

Superior Court of Pennsylvania.

Submitted March 14, 1977.

Decided April 13, 1978.

Larry W. Wolf, Hanover, for appellant.

Nevin Stetler, York, for appellee.

Before WATKINS, President Judge, and JACOBS, HOFFMAN, CERCONE, PRICE, VAN der VOORT and SPAETH, JJ.

PER CURIAM:

This is an appeal by Plaintiff from the decision rendered in a non-jury trial in an action of assumpsit on a fire insurance policy issued by defendant-appellee.

On October 14, 1970, appellant's residence in Adams County was damaged by fire. It was stipulated the damages amounted to $6,000.00. In addition, certain personal property in the residence was damaged in an unspecified amount; and appellant was required to seek shelter temporarily in a motel at an expense of $505.00 which amount was not disputed. The policy covered all three losses.

The lower court concluded that (1) the plaintiff had filed a timely proof of loss as to personal property which substantially conformed with policy requirements, but (2) he failed to file a timely proof of loss with respect to damage to his real estate and the loss of its use, and (3) he failed to prove the actual cash value of the personal property damaged or destroyed as of the date of the loss. Based on these conclusions, the lower court found for Plaintiff in the nominal sum of $1.00.

This appeal does not question the propriety of the award of nominal damages only for the personalty rather than its actual value since only the costs of same were offered as

evidence rather than their depreciated values at the time of the fire. The only issues before this court are those relating to the refusal of the trial judge to award $6,000.00 the admitted damage to the residence and $508.80 for the additional living expense occasioned thereby.

As to the loss occasioned by damage to the residence, the lower court reasoned that the Plaintiff had not met its burden of proving notice to the defendant of the estimated loss thereto or of his expenses for living elsewhere as required by the policy; and further such proof had not been waived by defendant. The lower court conceded, however, that "It is true that the company was certainly aware that there was damage to the real estate." and "If estimates of the damage to the real estate were submitted to the company as contended by him, that might make a difference in our conclusion. However, the plaintiff has failed to prove that such estimates were submitted."

The policy provides that the insured shall within sixty days after the loss, unless such time is extended in writing by the company, render a proof of loss to the company stating, *inter alia,* the actual cash value of the items damaged and the amount of loss thereto.

Substantial compliance as opposed to strict and literal compliance with such provisions is all that is required for an effective proof of loss. *Boyle v. The Hanbury Premium Fire Ins. Co.,* 169 Pa. 349, 32 A. 553 (1895).

The sufficiency of a proof of loss as required by a policy being a matter of construction is a question of law *Wuerfel v. Metropolitan Life Ins. Co.,* 343 Pa. 291, 22 A.2d 747 (1941); *Rosenburg v. Fireman's Fund Ins. Co.,* 209 Pa. 336, 58 A.2d 671 (1903). In interpreting such a provision the policy shall be construed most strongly against the insurer who has prepared it, resolving all doubts or ambiguities in favor of the insured. *Filaseta v. Pennsylvania T & F M Insurance Company,* 209 Pa.Super. 322, 228 A.2d 18 (1967). However, an insured is bound to furnish such proof as is sufficient under the terms and conditions of the policy

*Ulysses Elgin Butter Co. v. Home Ins. Co.,* 20 Pa.Super. 320 (1902); and if the insured acts in good faith and discloses such information as the insurer requests, the provisions of a policy relative to proof of loss should be literally construed in aid of the indemnity contemplated by the parties *Buigell v. Royal Ins., Co.,* 240 Pa. 412, 87 A.2d 955 (1913). The purpose of a provision for notice and proofs of loss is to allow the insurer to form an intelligent estimate of its rights and liabilities, to afford it an opportunity for investigation, and to prevent fraud and imposition upon it. *Alber v. Mutual Ben. Health & Accident Assn., Owaba,* 350 Pa. 268, 38 A.2d 321 (1944) *quoting from* 29 Am.Jur. 824, see 1100.

There is no dispute about the fact that the insured was promptly advised of the fire and the results of same. The lower court found that Plaintiff notified defendant's agents of the fire the following day and that the agent immediately advised his principal, the insurer, by written notice of the loss. Thereafter the insurer made a thorough investigation by certified fire and arson experts employed by it, which investigation lasted over a period of at least two weeks. Furthermore, an adjuster employed by the insurer appeared at the premises and over a period of several weeks made a thorough inspection. In addition, the plaintiff sent to the insurer on the day following the first a handwritten communication advising it of the fire and requested that forms be sent to him; and within two weeks after the fire, at the request of defendant's adjuster the insured secured two contractors to estimate the damages to his residence and instructed them to send written estimates of such damages to the adjuster. The company did not send the requested forms to the insured or otherwise responded to his communication. Although there is no evidence that the insurer ever received such estimates, it was stipulated at the trial that the damages to the real estate was $6,000.00 which indicated the insurer had satisfied itself as to the amount of the loss by its own investigation or otherwise.

In *Forester v. Tentania Fire Insurance Co.,* 60 Pa.Super. 151 (1915) this court stated that "If, by preliminary notice of

the loss and an adjuster's viewing of the premises, the insurer gains the substantial information which the statement of loss would have furnished, the necessity of complying with the conditions of the policy in that respect may be dispensed with on the principle that the law does not require the performance of vain or useless things."

In *Stayer v. Franklin Fire Ins. Co.,* 114 Pa.Super. 555, 174 A. 628 (1934), *Forester* was cited with approval, this court saying (114 Pa.Super. at 560, 174 A. at 630) "as stated in *Beatty v. Lycoming County Mutual Ins. Co.,* 66 Pa. 9, 17, 5 Am.Rep. (1870); 'Now, to constitute a waiver, there should be some official act or declaration by the company, during the currency of the time, dispensing with it, something from which the insured might reasonably infer that the underwriters did not mean to insist upon it.'" As is remarked by the Chief Justice in *Diehl v. Adams County Ins. Co.,* 58 Pa. 443, 452 (1868); "This never occurs unless intended, or where the act relied on ought in equity to estop the party from denying it. Mere silence is not enough."

The fact that the insured did not file a sufficient proof of loss as to the real property and for his expenses occasioned by living elsewhere during the period his residence was not inhabitable cannot be seriously disputed. However, it may be noted that in the supplement, (Filed December 12, 1970) to his original proof filed October 15, 1970, which related previously to the personalty, he did further direct the insurer's attention to the damage to the house by the following statement "I reserve the right to submit additional labor expense if warranted, cost of fumigating after house is repaired and repair of electric heater if damaged."

As previously stated herein the lower court stated in the adjudication that "It is true that the company was certainly aware that there was damage to the real estate." However, it based its decision on the fact that the actual or estimated cost of repairing the damage had not been transmitted to the company by the insured, who, it stated, had the burden of submitting such information.

The insurer in its pleadings asserted two substantive defenses, namely, that the insured had never rendered a

sufficient proof of loss as required by the policy and that the fire was incendiary in origin and was intentionally started. The second defense was not sustained. Although the fire was incendiary in origin, it was found not to have been started by the insured.

Therefore, the only issues here relate to the first defense of insufficient proof of loss as it concerns the damage to the real estate and the expense of living elsewhere. When a defendant seeks to avail himself of a substantive defense the defense becomes an affirmative one and the defendant at that point must shoulder the duty of coming forward with evidence in support of what he affirmed, and in order to take advantage of a condition in a policy he must show that he was prejudiced by the omission or failure of the insured to act. *Mott v. Fireman's Ins. Co. of Newark, N. J.,* 188 Pa.Super. 359, 146 A.2d 645 (1958).

The defendant company has not met its burden of establishing that any insufficiency in the insureds proof of loss caused it any prejudice in determining its liability under this policy. The lower court found that a proof of loss had been filed but that it was insufficient in failing to include an estimation of the loss to the real estate or the out of pocket expense in securing shelter expense during the period repairs were being made to the residence.

Although there is no evidence to prove that the appraisals ordered by the insured ever reached the company, we differ with the lower court in placing the burden of coming forth with such evidence on the insured. If this was an insufficiency in the proof of loss as was to some extent recognized by the lower court the burden should have been placed on the company to show it never received it, not on the insured.

The need for the insured to secure other living quarters was apparent to the company and the cost of same was covered by the policy; and there was no dispute that $508.80 was a reasonable expense.

The judgment in the appellant's favor for nominal damages was inadequate, and shall be modified so that the

amount of same be the total of the $6,000.00 stipulated as the loss to the residence, plus $508.80 the undisputed motel expense and $1.00 for the personalty, or a grand total of $6,509.80 with interest from the date it would have been payable under the terms of the policy.

Judgment is hereby entered in favor of Plaintiff Douglas Fishel against the defendant Yorktowne Mutual Insurance Company in the sum of $6,509.80 with interest.

SPAETH, J., concurs in the result.

WATKINS, former President Judge, did not participate in the consideration or decision of this case.