## Simon v. Simon

*Michael Egnal*, for plaintiff.
*Jerome Verlin*, for Charles H. Simon.

TAKIFF, *J.*, October 17, 1977—This is a petition on behalf of Charles H. Simon, a witness, to quash a subpoena duces tecum and for a protective order in connection therewith.

Petitioner is a resident of the State of Florida. He owns a business within the Commonwealth with an office in Philadelphia. On July 13, 1977, a subpoena was served upon one of Mr. Simon's employes at the place of business in Philadelphia; service was not made upon Mr. Simon personally. The subpoena ordered the presence of the witness at the Philadelphia offices of Egnal and Egnal, counsel for plaintiff, on August 4, 1977, for the purpose of his deposition examination.

On July 20, 1977, a rule was entered upon plaintiff to show cause why the subpoena should not be quashed and why a protective order should not issue. Upon consideration of the petition, answer, memoranda filed by the parties, and oral argument, we grant the petition and make absolute the rule, quashing the subpoena and entering a protective order.

The following factual matters are relevant to our adjudication. Plaintiff, Sally Lee Simon, was married to the witness until March 20, 1972, when a Florida divorce decree became effective. The instant action, filed December 24, 1974, is a complaint in equity seeking a decree (1) cancelling a deed dated November 10, 1969, and recorded in Philadelphia County Deed Book JRS 565, page 65, purportedly from plaintiff and witness, then husband and wife, as grantors, to defendants Joseph H. Simon and Beverly W. Simon, his wife, as grantees; (2) declaring that plaintiff has an undivided one-half interest in the premises, the subject of the

aforesaid conveyance; (3) directing an accounting with respect to the construction and operation of the improvements later erected on the conveyed premises; (4) directing a cancellation of payment of all liens to which defendants have subjected the conveyed premises; and (5) ordering defendants to reconvey to plaintiff an undivided one-half interest in the premises, as improved.

The demand for the relief sought stems from the alleged forgery of plaintiff's signature to the deed referred to in the complaint and a corresponding prior agreement of sale with respect to the same parcel of land. It is averred that these forgeries were the result of a conspiracy between defendant Joseph H. Simon (grantee) and his brother Charles, the present petitioner-witness (grantor), and that defendants had or should have had knowledge of the forgeries. To complete understanding of the identity of the parties to this action, by two separate deeds dated June 29, 1970, and recorded in Deed Book PLMcS 44 (pgs. 537 and 554) the premises were conveyed by defendants Joseph H. Simon and Beverly W. Simon to Sidney D. Simon, trustee, under an irrevocable deed of trust dated June 26, 1970.

As an initial matter, petitioner asserts that the subpoena was improper since it was not issued with leave of court per Pa.R.C.P. 4003(a)(2).[1] We do not find this argument dispositive. Pa.R.C.P. 4003(a)(2) is applicable to depositions of "any other witness who is outside the Commonwealth," taken

1. Pa.R.C.P. 4003(a)(2) provides in pertinent part: "(a) A deposition for use at trial in open court may be taken of . . . (2) any other witness who is outside the Commonwealth . . . either by written interrogatories on notice or by oral examination by leave of court on motion."

for "use at trial in open court." In such event leave of court is expressly required in order to depose a nonresident witness. Pa.R.C.P. 4007 (which covers deposition for purpose of discovery) does not mandate prior leave of court, but rather declares expressly that such deposition "may be taken without leave of court," except under circumstances not germane to the present consideration. The same rule (4007) directs us to Rule 4018 with respect to compulsion of witnesses' attendance by subpoena and Goodrich-Amram, in the commentary to 4018 states: "Rule 4018 regulates the issuance of subpoenas to witnesses to compel them to appear at a deposition to testify. It regulates the procedure only *within* the Commonwealth. This necessarily follows, since no statutes or Rules promulgated in Pennsylvania can have any extra-territorial effect, or regulate the procedure in other states or countries."

Plaintiff asserts the validity of the service of the subpoena on this nonresident witness upon the Act of April 21, 1858, P.L. 403, sec. 1, 12 P.S. §297, which provides:

"When any person or persons, not being residents of this commonwealth, shall engage in business in any county of this commonwealth, it shall and may be lawful for the officer charged with the execution of any writ or process issued out of any of the courts of this commonwealth to serve the same upon any clerk or agent of such person or persons, at the usual place of business or residence of such agent or clerk, with like effect as though such writ or process was served personally upon the principal."

On its face, this provision might be construed to permit substituted service upon any nonresident merely by serving an employe of the nonresident at

his place of business within the Commonwealth, if a subpoena duces tecum as to a witness be deemed to be "writ or process" within the intendment of this statute. "The statutes do not specify the kinds of actions to which [it] is applicable. The Act of 1858 [12 P.S. §297] merely refers to the service of 'any writ . . . or process' . . . This language is broad enough to include any form of action." 6 Goodrich-Amram 2d §2077(a):21, p. 401. In a definitional sense, a subpoena is a process. See 41 P.L.E. §§3, 4, 187, 189, where it is said: "A subpoena is a process of the Commonwealth which may be issued by a court in a proper case. It is a process to cause a witness to appear and give testimony, and its purpose is to place the witness under the order and censure of the court. A writ which does not have that effect is not a subpoena." However, where the potential deponent is not a party but is a mere witness, we decline to accept the unglossed words of 12 P.S. §297 as a basis upon which valid service of a subpoena to a nonresident can be predicated.

In our opinion an appropriate interpretation of 12 P.S. §297 yields the restriction of its applicability to the obtaining of effective, i.e., lawful, service over nonresident *defendants* only. We note that our research has not disclosed any reported decisions applying this statute to a nonresident, non-party witness.

Pa.R.C.P. 2076-2100 contain the rules relative to 12 P.S. §297 and similar statutes: Pa.R.C.P. 2077(a)(2). Thus, Pa.R.C.P. 2079 provides in pertinent part:

"(b) If an action of the class specified in Rule 2077(a)(2) is commenced in the county in which

the cause of action arose or in a county in which he is engaged in business, *process may be served* upon the defendant personally or by having the sheriff of the county in which the action is commenced, or *by having a duly deputized sheriff hand a true and attested copy of the process at any office or usual place of business of the defendant to the agent, clerk or person for the time being in charge thereof.*" (Emphasis supplied.)

Though 12 P.S. §297 speaks of "any person or persons," the rules of civil procedure implementing it and related statutes only refer to *defendants* in describing how service of process is to be effected under the statute. The omission of individuals aside from defendants from the rules, at the very least raises an inference that the statute was not intended to be applied to persons other than defendants to an action. Such a construction would permit the statute and the rules of civil procedure to be construed as completely consistent with each other. Statutes authorizing substituted service, being in derogation of the common law, are to be strictly construed: Williams v. Meredith, 326 Pa. 570, 192 Atl. 924 (1937). Alternatively, however, the Pennsylvania Rules of Civil Procedure have the effect of statutory enactments. They override any legislation to the contrary, as long as the rules are consistent with the Constitution of the Commonwealth and do not "affect the right of the General Assembly to determine the jurisdiction of any court. . . ." Pa. Constitution, art. V, sec. 10(c).

So viewed, we conclude that 12 P.S. §297 must be read as applicable only to a defendant in an action,

unless Pa.R.C.P. 2079(b) contravenes the Constitutional right of the General Assembly to determine the jurisdiction of any court. However, utilizing the following definition of jurisdiction: "Jurisdiction refers to both the competency of a court to determine controversies of the general nature of the matter involved, and the power of a court to bind *the parties* to the litigation by its adjudication. Competency is usually referred to as 'subject matter jurisdiction,' and the power to bind *the parties* is known as 'jurisdiction of the person.'" (Emphasis supplied.) Tyson v. Basehore, 222 Pa. Superior Ct. 572, 295 A. 2d 189 (1972), alloc. ref. 222 Pa. Superior Ct. xxxii (1972) (concurring opinion of Hoffman, *J.*), there is no question that "jurisdiction" is not an appropriate term to be applied when considering process issued to non-parties. Accordingly, the rights of the General Assembly to determine jurisdiction are not encroached upon by Rule 2079(b).

In view of the foregoing, we conclude that 12 P.S. §297 is inapplicable to petitioner as he is not a defendant to this action. Furthermore, there are constitutional considerations which compel the conclusion here reached. We are called upon to utilize a narrower construction of a statute when an alternative broader construction would render the statute unconstitutional: Giampalo v. Taylor, 335 Pa. 121, 6 A. 2d 499 (1939); Com. v. Great American Indemnity Co., 312 Pa. 183, 167 Atl. 793 (1933).

Construing 12 P.S. §297 as applicable to a nonresident witness would render it unconstitutional under the due process clause. Existing authorities go no further than to sustain substituted service where the cause of action against the party defendant arose within the state from business conducted

therein: 6 Goodrich-Amram 2d §2077(a):22, 23. We decline to extend the purview of the statute to a situation where the individual's acts which may have some substantive relationship to the cause of action pleaded are not related to his continuing business within the Commonwealth, particularly where the individual is not a party to the action but is a mere witness. There is no evidence before us which indicates any connection exists between the forgeries and conspiracy with which he has been charged in the complaint and his present ongoing business within the Commonwealth. The application of the substituted service process to those facts would not comport with the dictates of due process.

The landmark opinion of the U.S. Supreme Court in International Shoe Co. v. Washington, 326 U.S. 310 (1945), stated: "[D]ue process requires only that in order to subject a defendant to a judgment in personam, if he be not present within the territory of the forum, he have certain minimum contacts with it such that the maintenance of the suit does not offend 'traditional notions of fair play and substantial justice.'" 326 U.S. at 316.

This language expressly refers to defendants in an action; the basic principle of "fair play and substantial justice" may be profitably carried over with even greater persuasiveness as to a witness only, as in the instant case. Compelling Charles Simon to testify at a Philadelphia deposition for a case in which he is not a party defendant does offend these "traditional notions." Despite whatever part he may have played in the acts upon which this cause of action is based, he is still only a witness insofar as the processes and the jurisdictional reach of this court is concerned. It is not fair for a witness, who is subject to neither benefit nor loss in an action, to be

exposed to the expense and harassment of a long trip and possibly the employment of counsel to testify at a discovery deposition. He has not, by merely being such a witness, availed himself of the protection of the laws of the Commonwealth in return for which benefit and advantage he should be subject to this process. Due process requires that the exercise of jurisdiction be fair and reasonable with respect to the particular person involved: Proctor & Schwartz, Inc. v. Cleveland Lumber Co., 228 Pa. Superior Ct. 12, 323 A. 2d 11 (1974); Inpaco v. McDonald's Corp., 413 F. Supp. 415 (E.D. Pa. 1976); and compelling petitioner's presence in Philadelphia for a discovery deposition is neither fair nor reasonable.

Even if 12 P.S. §297 were to be held to make legitimate the attempted substituted service made upon petitioner, equitable circumstances exist herein meriting the entry of a protective order. Pa.R.C.P. 4011(b) permits limiting discovery which causes "unreasonable annoyance, embarrassment, expense or oppression to the deponent."[2]

The question here involves whether or not compelling the witness to appear in Philadelphia would constitute an *unreasonable* burden upon him. No discovery is possible without some person being annoyed, embarrassed, oppressed or caused expense, but the mere existence of some annoyance,

---

2. This deposition is arguably for purposes of discovery; if not these same factors, by reference, should be usable in ruling upon a motion for a protective order, as Pa.R.C.P. 4012 is not limited only to depositions taken for discovery purposes; see Strasser v. Pa. Spool & Equipment Co., 9 D. & C. 2d 714 (C.P. Lehigh 1956).

however, is not sufficient to forbid discovery: Knappenberger v. Feldman, 6 D. & C. 2d 728, 733 (C.P. Northampton, 1956); 10 Goodrich-Amram 2d §4011(b):1. See Yoffee v. Golin, 45 D. & C. 2d 318, 324 (1968). Other than an ambiguous minimum, the standard of unreasonableness is "remarkably indefinite" and "there is room for the widest differences of opinion as to where the line may be drawn" in the line of demarcation between the reasonable and unreasonable: 10 Goodrich-Amram 2d §4011(b):1.

There is a paucity of reported case law in interpreting Pa.R.C.P. 4011(b), at least in situations similar to the instant one. As a quick, albeit indefinite rule of thumb, a person should be compelled to undergo greater burdens relative to a lawsuit to which he is a party than a stranger should be asked to undertake.

The corresponding Federal rule invites comparison. Fed. Rules Civ. Proc. 26(c) provides that:

"Upon motion . . . the court . . . may make any order which justice requires to protect a party or person from *annoyance, embarrassment, oppression,* or *undue* burden or *expense,* including one or more of the following: (1) that the discovery not be had; (2) that the discovery may be had only on specified terms and conditions, including a *designation* of the time or *place* . . ." (Emphasis supplied.) This provision essentially duplicates Pa.R.C.P. 4011 "No discovery . . . shall be permitted which . . . (b) causes *unreasonable annoyance, embarrassment, expense* or *oppression* to the deponent or any person or party . . ." (Emphasis supplied), and Rule 4012(a): "[U]pon motion . . . the court may make an order that (1) the deposition shall not be taken; (2) it may be taken only in some

*designated place* other than that stated in the notice . . ." (Emphasis supplied.) Under Fed. Rules Civ. Proc. 26(c) non-party witnesses, even more than parties, must be protected against undue burden and expense in traveling to a deposition. A mere witness ordinarily will not be required to leave his residence and business and travel great distances for the convenience of the parties: Less v. Taber Instrument Corp., 53 F.R.D. 645 (W.D.N.Y. 1971). See 4 Moore's Federal Practice ¶26.70 [1.-1]; cf. Elder-Beerman Stores Corp. v. Federated Department Stores, Inc., 45 F.R.D. 515 (S.D.N.Y. 1968).

By way of comparison therefore, even in the absence of basic jurisdictional and due process impediments under a Federal matter, only in rare circumstances would a witness be required to leave Florida and travel to Philadelphia if this action was in Federal court. Even though he may have been the "principal actor in the chain of events which brought about the instant suit," this factor is not persuasive enough to alter the general policy under Federal practice that a non-party witness should be deposed at his residence as opposed to being forced to travel great distances.

As 12 P.S. §297 is inapplicable to Charles H. Simon, a nonresident witness, and since compelling him to attend a deposition in Philadelphia would constitute an unreasonable burden, the motion of Charles H. Simon to quash the subpoena duces tecum and issue a protective order is granted and the rule made absolute.

## ORDER

And now, October 17, 1977, upon consideration of the petition to quash a subpoena duces tecum

and for a protective order, said petition is granted, and the subpoena duces tecum of July 11, 1977, requiring the appearance of Charles H. Simon, along with certain documents, at a deposition to be held August 4, 1977, is quashed, and plaintiff is directed to refrain from any deposition of the said witness by oral examination except upon leave of court first obtained.