Joanne BRANHAM, Individually and as the Administratrix of the Estate of Franklin Delano Branham, Appellee

v.

ROHM AND HAAS COMPANY, Rohm and Haas Chemicals LLC, and Morton International, Inc., Appellee.

Appeal of the Dow Chemical Company.

Superior Court of Pennsylvania.

Argued Jan. 12, 2011.

Filed April 12, 2011.

Nancy J. Gellman, Philadelphia, for appellant.

Aaron J. Freiwald, Philadelphia, for Branham, appellee.

Carl A. Solano, Philadelphia, for Rohm and Haas, appellee.

BEFORE: STEVENS, P.J., FREEDBERG, and PLATT *, JJ.

OPINION BY PLATT, J.:

Appellant, The Dow Chemical Company (Dow), appeals from the order denying its

---

* Retired Senior Judge assigned to the Superior Court.

motion to quash a subpoena to compel the deposition of a Dow corporate designee concerning vinyl chloride studies and related communications relevant to issues in the underlying case. Dow has also filed an application to stay this appeal. We deny Dow's motion to stay, Appellee Branham's motion to strike, and affirm the trial court's denial of the motion to quash the subpoena.

In May of 2006, Joanne Branham, Appellee,[1] filed the underlying personal injury action against Rohm and Haas and the other defendants, alleging that her deceased husband suffered brain cancer as a result of groundwater and air contamination in Illinois from vinyl chloride caused by Morton, which was acquired in 1999 by Rohm and Haas. Thirty individuals with similar claims have brought suit against the defendants, raising similar issues. The trial court consolidated the first eight actions, and designated the instant matter as the lead case.

Dow is not a party in the underlying case. (See Trial Court Opinion, 6/4/10, at 1). In 2009, Rohm and Haas was acquired by Dow, and became its wholly owned subsidiary. Dow is incorporated in Delaware, with headquarters in Michigan. Dow concedes that it is qualified to do business in Pennsylvania and would be subject to the personal jurisdiction of Pennsylvania's courts as a potential defendant in a lawsuit. (See Appellant's Brief, at 2, 21, 23–24).[2] Dow also concedes that

Rohm and Haas markets some products under the Dow brand name, and that a sign with the Dow logo is displayed on various buildings in Pennsylvania, notably including the Rohm and Haas headquarters in Center City Philadelphia, although it disputes the legal significance of these facts. (See Appellant's Brief, at 4, 21–22).

On March 3, 2010, Appellee served a subpoena on Dow's statutory agent to produce a witness in Philadelphia for a videotaped deposition to be used at trial in this case. Appellee sought to question a Dow designated witness on epidemiology studies by Dow and other studies by industry associations in which Dow participated about a possible causal link between vinyl chloride and brain cancer, as well as related communications. In particular, Appellee sought to probe whether there was an improper exclusion of certain workers, who otherwise would appear to have been appropriate subjects, from a key study of vinyl chloride exposure (the Mundt study)[3] which concluded that there is no statistically significant epidemiological evidence that vinyl chloride is a cause of brain cancer.[4]

In 2008, Appellee had sought similar albeit more wide-ranging information by petitioning the trial court for a commission for the issuance of a subpoena by a Michigan court to depose the records custodian of Dow in Michigan. On Dow's motion, a Michigan circuit court quashed that sub-

1. Rohm and Haas is also an appellee. See Pa.R.A.P. 908 ("All parties in the appellate court other than the appellant shall be appellees[.]"). For convenience and to minimize confusion, we will refer to the plaintiffs collectively as Appellee or Appellee Branham, and refer to all defendants/Appellees collectively as Rohm and Haas. Dow will be referred to as Appellant or, simply, Dow.

2. Dow also made a consistent representation, that it would be subject to personal jurisdic-

tion, in its Motion [] to Quash Subpoena, filed 3/26/10, at 3 ¶ 7.

3. Kenneth Mundt, Historical Cohort Study of 10,109 Men in the North American Vinyl Chloride Industry, 1942–1972, 57 OCCUPATIONAL & ENVTL. MED. 774 (2000). (See also Appellant's Brief, at 39, n. 19).

4. (See Brief for Appellees Rohm and Haas, et al., at 1).

poena, and a Michigan court of appeals affirmed.

On March 26, 2010, Dow moved to quash the instant subpoena. Rohm and Haas filed a companion motion to enforce the case management order, alleging that Appellee's subpoena was past the trial court's deadline for discovery. The trial court denied the motions.[5] Dow filed this timely appeal. Dow also filed a statement of errors pursuant to Pa.R.A.P. 1925(b).

It is important to note that the filing of this appeal was followed by a voluminous array of motions, which added to an already complicated and convoluted procedural history. Briefly summarizing the most relevant motions, we note that on April 30, 2010, Dow filed a motion for emergency relief to stay the trial court order for the deposition pending resolution of the appeal. This Court entered a *per curiam* order staying those proceedings pending further order of this Court, and directing Appellee Branham to file an answer.

In reply, Appellee Branham filed an emergency motion to quash the appeal, which was denied by order of May 11, 2010, *per curiam*, without prejudice to Appellee's right to raise the issue before the merits panel.[6] Appellee also filed an application to expedite, which this Court grant-ed *per curiam*. On July 26, 2010, Appellee filed another emergency application to expedite briefing and argument, which this Court denied *per curiam* on August 11, 2010.

On December 21, 2010, Dow filed an application for expedited relief, seeking a stay of the instant appeal. In its application Dow asserted that trial had commenced on September 20 in the court of common pleas in the underlying matter, and that on October 21, the trial court struck the testimony of Appellee's epidemiological expert and discharged the jury.[7] Counsel for Appellee Branham moved for mistrial, while Rohm and Haas moved for judgment in its favor. In its application for an emergency stay Dow maintained that the resolution of these motions in the trial court could render the issues in this appeal moot. (*See* Dow's Application for Expedited Relief, 12/21/10, at 5 ¶ 18).

On January 3, 2011, Rohm and Haas joined Dow's application for a stay. In support, Rohm and Haas attached, *inter alia*, an uncertified transcript of an excerpt of trial proceedings from October 21, 2010.[8] On January 6, 2011, this Court denied Dow's application for a stay of the appeal without prejudice to the right to raise the issue again at the time of oral

---

**5.** The trial court's findings and order were filed on April 26, 2010. The court also issued a corrective order on May 5, 2010, with changes not at issue in this appeal.

**6.** Other than by Appellee Branham's unsuccessful motion to quash, the stay has not been appealed by either party, and has not been rescinded by this Court, and is therefore still in effect.

**7.** This Court has received no official confirmation from the trial court of the proceedings alluded to in Dow's application.

**8.** On its face, the excerpt largely corroborated Dow's assertions that the trial judge told the jury he had found out the testimony of the expert, Dr. Richard Neugebauer, presented on the preceding day was "tantamount to being fraudulent," and after thanking the jury for their service, discharged them. Appellee Branham's counsel moved for a mistrial. Counsel for Rohm and Haas opposed mistrial, and moved instead for judgment in its favor. We emphasize that except as necessary to provide the context of Dow's application for a stay and Rohm and Haas' response, we expressly decline to address or review on the merits any assertions pertaining to these matters, which, as noted in the text, are outside the certified record.

argument. Subsequently, after oral argument at which Dow again raised the issue, Appellee Branham filed a motion to strike Rohm and Haas' response to Dow's application for expedited relief, arguing that the transcript was not part of the certified record, and not relevant to this appeal. (*See* Appellee's Motion, 1/20/11, at 1–2).

 First, we address Dow's application to stay these appellate proceedings. We decline to grant Dow's application, which relied exclusively on assertions outside the certified record. "This Court does not rely on facts *dehors* the certified record." *In re Estate of Tigue*, 926 A.2d 453, 459 (Pa.Super.2007) (citation omitted). Moreover, we observe that Dow waited two months, from the abrupt end of the trial on October 21st until December 21st, after oral arguments were scheduled for January 12th, before filing its application for expedited relief. As a practical matter, Dow's two-month delay in seeking emergency relief, and the subsequent passage of time to date without resolution by the trial court, have obviated the claim that an emergency situation requiring expedited treatment exists.[9]

 Further, we observe that Dow's assertion that a decision by the trial court could render the issues on appeal moot, is unsupported, speculative, and in substantial variance with Dow's original argument on appeal. Nothing in the limited record before us suggests that the subpoena for a corporate designee of Dow was at issue in the trial or is even remotely related to the

events that prompted the discharge of the jury and the subsequent post-trial motions.[10] Rather, to the extent an issue is discernible at all, the concern was with the testimony of Appellee's expert. On the facts presented, therefore, anything less than a complete verdict for the defense would not resolve the Dow designee deposition issue. In any event, Appellee would still have a right to appeal.

Additionally, we are mindful of the fact that the trial court designated this case as the lead case of eight and possibly up to thirty cases raising similar if not identical issues about vinyl chloride causing brain cancer, and the state of knowledge of any such causality.

Accordingly, Dow's assertion that the issue will or could become moot is unpersuasive. Knowledge of a causal connection, or the lack thereof, between vinyl chloride and the injuries suffered is (or at the very least, could be) a material issue in the determination of whether Rohm and Haas is liable for the personal injuries alleged in this case and in all the companion cases. Therefore, it is more likely than not that if the issue is not resolved in this appeal, it will be raised again in this case and in the companion cases. The application for a stay will be denied.

We next address whether the order is immediately appealable. Appellant asserts that it is, as a collateral order pursuant to Pa.R.A.P. 313. (*See* Appellant's Brief, at 1). Appellee maintains the order appealed from is interlocutory and does not satisfy

---

9. We also observe that Dow's arguments now substantially contravene its original arguments, in which it successfully sought a stay of the trial court's order for the deposition and argued on appeal that this Court's review was necessary to avoid burdensome discovery and the improper disclosure of confidential information. (*See* Appellant's Brief, at 1, 14, 42–44). We further note that Dow undertook to notify this Court when the trial court rendered those rulings, (Application, at 5), and has not yet so notified this Court.

10. Nevertheless, on the limited record before us, we are at a loss to determine why the trial court decided it was necessary or appropriate to proceed with a trial while this appeal was pending, the stay order was still in effect, and the issues on appeal remained unresolved.

the three-pronged test for an appealable collateral order. (*See* Appellee's Brief, at 7).

Generally, discovery orders are deemed interlocutory and not immediately appealable because they do not dispose of the litigation. A non-final order may be reviewed if it is separable from and collateral to the main cause of action, the right involved [is] too important to be denied review and the question presented is such that if review is postponed until final judgment in the case, the claim will be irreparably lost. Pa.R.A.P. 313(b). All three factors set forth in Rule 313 must be satisfied. The Pennsylvania Supreme Court has stated that Rule 313 must be construed narrowly: "Claims must be analyzed not with respect to the specific facts of the case, but in the context of the broad public policy interests that they implicate. Only those claims that involve interests 'deeply rooted in public policy' can be considered too important to be denied review."

*Leber v. Stretton,* 928 A.2d 262, 265 (Pa.Super.2007), *appeal denied,* 596 Pa. 733, 945 A.2d 172 (Pa.2008) (some citations omitted).

■ Here, the order denying the motion to quash the subpoena for deposition of a Dow designee is facially separable from and collateral to the main cause of action, which is a personal injury case. We also find the question of the extent of a trial court's subpoena power over a foreign corporation which is concededly qualified to do business in Pennsylvania and amenable to suit is too important to be denied review, especially in the context of broad public policy and the potential for similar cases from similarly situated corporations. Thirdly, the question presented is such that if review is postponed until final judgment in the case, the claims made, particularly those raising immunity from subpoena power, burdensomeness, and disclosure of allegedly confidential records, will be irreparably lost.

We also note that even though Dow has now effectively reversed its earlier position, by seeking a stay of appellate proceedings when it previously sought a stay of trial court proceedings, it is readily foreseeable that an adverse ruling by the trial court could prompt Dow to seek appellate relief once again. As a matter of judicial economy, it would be a dissipation of limited judicial resources to consider the same issues twice. Accordingly, we conclude that Dow has properly appealed from a collateral order pursuant to Pa. R.A.P. 313, and we proceed to review the questions raised on their merits.

Dow raises nine issues on appeal, framed as four questions:

1. DID THE TRIAL COURT ERR IN CONCLUDING THAT NON–RESIDENT THE DOW CHEMICAL COMPANY [DOW]—A DELAWARE CORPORATION WITH ITS PRINCIPAL PLACE OF BUSINESS IN MICHIGAN—IS SUBJECT TO THE SUBPOENA POWER OF A PENNSYLVANIA COURT AND CAN BE COMPELLED TO GIVE TRIAL TESTIMONY IN PENNSYLVANIA IN A CASE IN WHICH IT IS NOT A PARTY BECAUSE IT WOULD BE SUBJECT TO PERSONAL JURISDICTION UNDER THE PENNSYLVANIA LONG–ARM STATUTE, 42 PA.C.S.A. § 5301 *ET SEQ.,* IF IT WAS SUED AS A DEFENDANT IN PENNSYLVANIA?

2. DID THE TRIAL COURT ERR IN HOLDING THAT [DOW] COULD BE COMPELLED TO SUBMIT TO A PENNSYLVANIA DEPOSITION WITHOUT FOLLOWING THE PROCEDURES TO OBTAIN A COMMIS-

SION UNDER THE UNIFORM IN-TERSTATE AND INTERNATIONAL PROCEDURE ACT, 42 PA.C.S. § 5325, TO TAKE THE DEPOSITION IN MICHIGAN, [DOW'S] PRINCIPAL PLACE OF BUSINESS?

3. DID THE TRIAL COURT ERR IN FAILING TO QUASH THE SUB-POENA BECAUSE PRINCIPLES OF COMITY AND PRECLUSION RE-QUIRED THAT IT GIVE EFFECT TO PRIOR RULINGS OF THE MICHIGAN STATE TRIAL AND AP-PELLATE COURTS QUASHING AN-OTHER SUBPOENA ISSUED BY [APPELLEE BRANHAM] TO [DOW] IN THIS CASE FOR INFORMATION ABOUT THE SAME SUBJECT MAT-TERS [sic] COVERED BY [APPEL-LEE'S] CURRENT SUBPOENA?

4. DID THE TRIAL COURT ERR IN FAILING TO QUASH THE SUB-POENA BECAUSE IT REQUIRES NONPARTY [DOW] TO (A) PROVIDE TESTIMONY THAT IS EXPERT IN NATURE; (B) UNDERTAKE AN UNREASONABLE BURDEN IN PROVIDING TESTIMONY ABOUT EPIDEMIOLOGICAL STUDIES SPANNING THREE DECADES, EVEN THOUGH NO PRESENT [DOW] EMPLOYEE HAS SUCH KNOWLEDGE; AND (C) DISCLOSE CONFIDENTIAL EMPLOYMENT AND MEDICAL INFORMATION CONCERNING PARTICIPANTS IN THE STUDIES AT ISSUE?

(Appellant's Brief, at 2).

 Our standard of review for the denial of a motion to quash a subpoena is well-settled. "[T]he standard of review regarding a motion to quash a subpoena is whether the trial court abused its discretion. [For] questions of law, this Court's standard of review is *de novo*, and its

scope of review is plenary." *Leber, supra* at 266 (citations omitted).

"A subpoena is an order of the court commanding a person to attend and testify at a particular time and place. It may also require the person to produce documents or things which are under the possession, custody or control of that person." Pa. R.C.P. 234.1(a).

> **Every court of record shall have power** in any civil or criminal matter **to issue subpoenas** to testify, with or without a clause of *duces tecum*, into any county of this Commonwealth to witnesses to appear before the court or any appointive judicial officer. Subpoenas shall be in the form prescribed by general rules.

42 Pa.C.S.A. § 5905 (emphasis added).

Furthermore, it has long been recognized in our jurisprudence that, within the sphere of its jurisdiction, a court has inherent power to compel the attendance of witnesses in proceedings before it.

> The argument is that the power to issue subpoenas must be based on statute [ ] and that no statute covers the present situation. But no statute was needed for the **court** to issue subpoenas. Attendance at court to give testimony to material facts within the knowledge of a witness "is a duty incident to citizenship and one that has been recognized and enforced by the common law from an early period; as a necessary incident to its power to adjudge, a court of justice, within the sphere of its jurisdiction, has inherent power to compel the attendance of witnesses in proceedings before it . . .". 58 Am.Jur. Witnesses § 9, at 27 (1948). *See also* 3 Blackstone 51, 369 (1765).

*In re Shigon*, 462 Pa. 1, 329 A.2d 235, 242–43 (1974) (emphasis in original, some citations omitted).

On review of a challenge to the disposition of a motion to quash a subpoena, this Court has stated:

> [W]hether a subpoena shall be enforced rests in the judicial discretion of the court. We will not disturb a discretionary ruling of a lower court unless the record demonstrates an abuse of the court's discretion. So long as there is evidence which supports the lower court's decision, it will be affirmed. We may not substitute our judgment of the evidence for that of the lower court.

*In re Subpoena No. 22*, 709 A.2d 385, 387 (Pa.Super.1998), *appeal granted in part*, 553 Pa. 231, 718 A.2d 1245 (1998), (citations and internal quotation marks omitted).

■ "An abuse of discretion is more than just an error in judgment and, on appeal, the trial court will not be found to have abused its discretion unless the record discloses that the judgment exercised was manifestly unreasonable, or the result of partiality, prejudice, bias, or ill-will." *Commonwealth v. Fleming*, 794 A.2d 385, 387 (Pa.Super.2002).[11]

Appellant's first and principal argument is that as a "non-resident, non-party" it is beyond the subpoena power of a Pennsylvania court. (See Appellant's Brief, at 15–19). We disagree.

■ Preliminarily, we note that in support of its contentions, Dow cites to a variety of purported authorities including decisions of common pleas courts, federal decisions, and decisions from other jurisdictions. This Court is not bound by the decisions of federal courts, other than the United States Supreme Court, or the decisions of other states' courts on a matter of Pennsylvania law. *See Trach v. Fellin*,

817 A.2d 1102, 1115 (Pa.Super.2003), *appeal denied sub nom. Trach v. Thrift Drug, Inc.*, 577 Pa. 725, 847 A.2d 1288 (2004). Similarly, "common pleas court decisions are not binding on appellate courts." *U.S. Bank Nat'l Ass'n v. Powers*, 986 A.2d 1231, 1234 n. 3 (Pa.Super.2009) (citation omitted). Accordingly, we disregard Dow's argumentation that is not supported by pertinent, controlling Pennsylvania authority.

■ The argument that as a non-resident Dow is *per se* immune from subpoena is misguided and does not merit relief. Dow concedes that it was served through its statutory agent **within** the territorial limits of the Commonwealth. (*See* Appellant's Brief, at 6). Therefore, the argument that "the subpoena power of a Pennsylvania state court does not extend **beyond** the territorial limits of the Commonwealth" is contrary to the facts of record and irrelevant to the issue on appeal. (Appellant's Brief, at 15) (emphasis added).

Similarly, Dow's assumption that "a necessary predicate for the exercise of the trial court's subpoena power over [Dow] is a finding that [Dow] resides within the Commonwealth[,]" is incorrect. (*Id.* at 17). To the contrary, whether Dow, as a foreign corporation, is a "non-resident" of Pennsylvania is irrelevant if it can be served with a subpoena within the Commonwealth on another valid basis.

Section 5301 of Title 42 provides, in relevant part, that:

> The existence of any of the following relationships between a person and this Commonwealth shall constitute a sufficient basis of jurisdiction to enable the tribunals of this Commonwealth to exercise general personal jurisdiction over

---

11. While we analyze the issues raised under our standard of review for abuse of discretion, we recognize that Appellant's four questions assert only errors of law.

such person, or his personal representative in the case of an individual, and to enable such tribunals to render personal orders against such person or representative:

\* \* \*

(2) Corporations.—

(i) Incorporation under or **qualification as a foreign corporation under the laws of this Commonwealth.**

(ii) Consent, to the extent authorized by the consent.

(iii) The carrying on of a **continuous and systematic part of its general business within this Commonwealth.**

42 Pa.C.S.A. § 5301(a)(2) (emphases added).

Here, Dow does not dispute that it is a corporation qualified to do business in Pennsylvania, subject to suit in Pennsylvania courts. It also concedes that it markets Rohm and Haas products under the Dow brand name. Furthermore, there is no dispute that Dow has posted prominent signage with its corporate logo in various Pennsylvania locations, most notably at the headquarters of Rohm and Haas in Philadelphia, as presented at oral argument and in the briefs. Dow also concedes that a Dow Senior Vice–President and member of its fourteen person Executive Leadership Committee, as well as the Chief Executive Officer of Rohm and Haas, Jerome A. Peribere, maintains his office at the same location. (*See* Appellant's Brief, at 22). Dow does not dispute that Mr. Peribere is also the President and Chief Executive Officer of Dow Advanced Materials, based in Philadelphia, Pennsylvania.[12]

The installation of a high corporate executive, the erection of prominent signage,

and the establishment of ongoing marketing efforts under the Dow brand are not isolated, sporadic acts. The trial court did not abuse its discretion in concluding that they constituted the carrying on of a continuous and systematic part of Dow's general business within this Commonwealth. Therefore, the trial court's finding that Dow regularly and continuously conducts business in Pennsylvania is supported by the record. We will not substitute our judgment of the evidence for that of the trial court. *See In re Subpoena No. 22, supra.* Dow's "non-resident" argument does not merit relief.

▉▉▉▉ Similarly, Dow's argument that is should be immune from discovery as a non-party merits no relief. Absent a specific assertion of privilege, non-party status *per se* affords no immunity from the service of a subpoena.

As a general rule, individuals possess no "constitutional [ ] immun[ity] from ... subpoenas" and other requests for pre-trial discovery. Parties to both civil litigation and criminal trials have an important interest in obtaining "every man's evidence" and when called upon, citizens must provide whatever information they are "capable of giving."

*Commonwealth v. Tyson,* 800 A.2d 327, 331 (Pa.Super.2002), *affirmed sub nom. Commonwealth v. Bowden,* 576 Pa. 151, 838 A.2d 740, 742 (2003) (citations omitted); *see also Rohm & Haas Co. v. Lin,* 992 A.2d 132, 145 (Pa.Super.2010) ("Relevant materials in the hands of non-parties to a suit are generally discoverable.") (citation omitted).

▉▉▉▉ Neither Dow's non-party status nor its asserted non-resident status justify usurping the decision of the trial court.

---

**12.** It is not apparent from the record whether Dow Advanced Materials is a separate entity or a new name for Rohm and Haas.

Dow does not assert that the trial court's exercise of judgment was manifestly unreasonable, or the result of partiality, prejudice, bias, or ill-will. Accordingly, on the record before us, we conclude that the trial court did not err or abuse its discretion in finding that Dow was qualified as a foreign corporation under the laws of the Commonwealth, and that it carried on a continuous and systematic part of its general business within the Commonwealth. *See* 42 Pa.C.S.A. § 5301(a)(2)(i), (iii). Therefore, Dow is subject to personal jurisdiction in Pennsylvania, and we conclude as a matter of law that the trial court correctly declined to quash the subpoena.[13]

Dow's additional arguments do not undermine these conclusions. Dow argues that it is exempt from service of process based on its interpretation of rules of statutory construction to the effect that if there is an irreconcilable conflict, specific rules prevail over the general, citing 1 Pa.C.S.A. § 1933.[14] (*See* Appellant's Brief, at 24–29). The argument is unpersuasive.

▮ First, no statute is needed for a court to issue a subpoena, which is within the inherent power of a court. *See In re Shigon, supra.* Secondly, Appellant fails to establish that there is an irreconcilable conflict between the general rules for personal jurisdiction and the specific rules for service of a subpoena. Indeed, Dow merely assumes the conclusion and offers no argument or explanation in support of its

claim. Thirdly, Dow ignores the requirement in the sentence of section 1933 immediately preceding the one it actually cites, that "the two [provisions] shall be construed, if possible, so that effect may be given to both." 1 Pa.C.S.A. § 1933.

Furthermore, Dow cites, but otherwise ignores, the more basic rule that "[e]very statute shall be construed, if possible, to give effect to **all** its provisions" and "[w]hen the words of a statute are clear and free from all ambiguity, the letter of it is not to be disregarded under the pretext of pursuing its spirit." 1 Pa.C.S.A. § 1921(a), (b) (emphasis added).

Finally, Appellant offers no pertinent, controlling case authority in support of its statutory interpretation. It argues that *Simon v. Simon,* 6 Pa. D. & C.3d 196, 206, 1977 WL 270, at *6 (Pa.Ct.Com.Pl.1977) is "instructive." (Appellant's Brief, at 27). Appellant's reliance is misplaced.

First, as already noted, this Court is not bound by the decisions of common pleas courts. Secondly, *Simon* addressed a specific statute, since repealed and not at issue here. Thirdly, the decision in *Simon* addressed whether a **natural** person, who was a resident of Florida, could be served a subpoena under the now repealed statute, by service to an employee at a place of business in Pennsylvania. That set of facts is readily distinguishable from the case on appeal, where Dow, a corporation

---

**13.** Therefore, we need not address whether the trial court improperly imputed to Dow corporate "residence" in Pennsylvania, based on activities solely attributable to its wholly owned subsidiary, Rohm and Haas. (*See* Appellant's Brief, at 19–23). This Court may affirm the decision of the trial court on any basis, so long as the legal conclusion is correct. *See Ross v. Foremost Ins. Co.,* 998 A.2d 648, 656 n. 7 (Pa.Super.2010).

**14.** Section 1933 provides:

Whenever a general provision in a statute shall be in conflict with a special provision in the same or another statute, the two shall be construed, if possible, so that effect may be given to both. If the conflict between the two provisions is irreconcilable, the special provisions shall prevail and shall be construed as an exception to the general provision, unless the general provision shall be enacted later and it shall be the manifest intention of the General Assembly that such general provision shall prevail.
1 Pa.C.S.A. § 1933.

concededly qualified to do business in Pennsylvania, with prominent and continuous contacts here, questions whether it could be properly served a subpoena through an authorized statutory agent within the Commonwealth. *Simon* would not support Dow's claims.

Appellant further argues that case law supports its contention that subpoena power is not co-extensive with general personal jurisdiction. (*See* Appellant's Brief, at 29–32). As previously noted, Appellant cites cases from other jurisdictions, including Mississippi, Louisiana, Oklahoma, and North Carolina, to conclude that "**based on settled Pennsylvania law**" it was not properly served. (*Id.* at 32) (emphasis added). However, Dow offers no pertinent Pennsylvania authority which actually holds the principles it proposes.[15]

Appellant's limited choice of Pennsylvania case law is equally problematic. In the chief Pennsylvania case it cites, *Taylor v. Fedra Int'l, Ltd.,* 828 A.2d 378, 381 (Pa.Super.2003) this Court found that the defendant, a Massachusetts jewelry wholesaler which was not qualified as a foreign corporation, nevertheless **had** sufficient activities to be amenable to suit in Pennsylvania. *Id.* at 382–83. Dow's other Pennsylvania cases are no more persuasive of its argument.[16] Dow's first issue does not merit relief.

Next, in its second question, Dow argues that the trial court erred by not requiring

Appellee Branham to follow the procedures set forth at 42 Pa.C.S.A. § 5325 (*See* Appellant's Brief, at 32–34). We disagree.

While continuing to maintain that it is not subject to subpoena in Pennsylvania, Dow suggests that "this does not mean that plaintiff is foreclosed from obtaining testimony from [Dow]." (*Id.* at 32). Dow contends, in effect, that the trial court should have compelled Appellee Branham to repeat its 2008 attempt pursuant to 42 Pa.C.S.A. § 5325 to depose a Dow representative in Michigan. Notably, Dow's **next** argument is that the trial court erred in not giving preclusive effect to the Michigan decisions **prohibiting** any such discovery. (*See* Appellant's Brief, at 34–37). "[T]he law does not require the performance of vain or useless things." *Fishel v. Yorktowne Mut. Ins. Co.,* 254 Pa.Super. 136, 385 A.2d 562, 565 (1978) (citation and internal quotation marks omitted). Even if it could be argued that Appellee Branham's second more limited discovery request might receive more favorable treatment in the courts of Michigan, that is clearly not the result Dow is advocating.

■ In any event, we find Dow's second argument to be without merit. Dow begins by assuming the conclusion that it is not subject to subpoena in Pennsylvania based on its non-party, non-resident argument. (*See* Appellant's Brief, at 32). As already explained, we disagree with Dow's

---

**15.** Dow merely states it was unable to find any appellate cases applying section 5301 to non-parties. (*See* Appellant's Brief, at 29).

**16.** (*See* Appellant's Brief, at 30, citing *Efford v. Jockey Club,* 796 A.2d 370, 375 (Pa.Super.2002)) (holding internet site for registration of thoroughbreds insufficient to establish general jurisdiction via long-arm statute over New York corporation with registry offices in Kentucky which maintained no offices in Pennsylvania, had no agents or employees in Pennsylvania, did not pay taxes in Pennsylva-

nia, was not registered with the Commonwealth to conduct business in Pennsylvania and did not own or lease property in Pennsylvania); *see also Hall–Woolford Tank Co., Inc. v. R.F. Kilns, Inc.,* 698 A.2d 80, 84 (Pa.Super.1997) (holding telephone calls and mailed invoice too attenuated to support *in personam* jurisdiction where New York corporation did not negotiate transaction in Pennsylvania, but merely provided lumber drying service in New York and shipped dried wood to Pennsylvania by third party carrier).

premise. Furthermore, even if we assumed, for the sake of argument, Dow's assertion that its acquisition of Rohm and Haas in 2009 did not alter its status as a non-resident of Pennsylvania, (*id.* at 32–33), that claim does not address Dow's concession that it is now qualified to do business in Pennsylvania, and is subject to service of process independently of Rohm and Haas; nor does it refute the trial court's finding that Dow regularly and continuously conducts business in Pennsylvania. (*See* Trial Ct. Op. at 8). Dow's qualification to do business in Pennsylvania and its carrying on of a continuous and systematic part of its general business within this Commonwealth preclude the need to proceed under section 5325. *See* 42 Pa.C.S.A. § 5301(a)(2).

■ Dow also argues that Appellee conceded when applying for a commission to take a deposition in Michigan in 2008 that it (Dow) "is beyond the subpoena powers of this court." (Appellant's Brief, at 32) (citation omitted). We remain mindful that our standard of review on questions of law is *de novo,* and our scope of review is plenary. *Leber, supra,* at 265. In reviewing an assignment of error against the trial court on a matter of law, we are not bound by any assertions of counsel in 2008 or otherwise.

Furthermore, material facts have changed since 2008. Notably, since 2009 Dow has commenced and maintained substantial and continuing contacts in Pennsylvania. Accordingly, Dow is no longer a witness "in a state **other** than Pennsylvania[.]" (Appellant's brief, at 33, *quoting* White & Grugan, Philadelphia Civil Practice § 6–3.5(h)) (emphasis added). The resort to letters rogatory under section 5325 is no longer necessary. Dow's second assignment of error is without merit.

■ Next, in its third question, Dow argues, presumably in the alternative, that the trial court erred because "principles of comity and preclusion **required** that it give effect to prior rulings of the Michigan state trial and appellate courts[.]" by not giving preclusive effect to the adverse rulings against Appellee in the Michigan courts. (Appellant's Brief, at 2, *see also id.* at 14, 34–37) (emphasis added). We disagree.

In *Branham v. Rohm & Hass* [sic] *Co.,* 2010 WL 935650, at *3 (Mich.App.2010), an unpublished decision dated March 16, 2010, the Michigan Court of Appeals, in a *per curiam* decision, affirmed a Michigan circuit court's order which quashed in part Branham's 2008 subpoena.

■ Preliminarily, we observe that "[w]e receive [out-of-state] decisions as persuasive authority but not binding precedent[ ]" *Trach, supra* at 1115. However, on review, we find the Michigan decisions of limited persuasive value. In particular, to the extent it cites authority at all, the court of appeals decision relies exclusively on Michigan law, not controlling for our disposition. Pennsylvania law is never addressed. Where there is controlling authority in Pennsylvania law, we need not consult the decisions of sister jurisdictions to reach a disposition.

Furthermore, the Michigan court of appeals, in affirming the circuit court's quashal of a subpoena for discovery in Michigan, primarily analyzes issues of a confidentiality agreement between Dow and Rohm and Haas, not at issue here, and the production of a privilege log, also not at issue here; it only addresses the burdensomeness issue in a single passing reference in the next to the last line of the decision, which is arguably *dicta.*[17] *See Branham v. Rohm & Hass, supra* at *4–5.

17. "The circuit court's decision to quash the

subpoena in relation to such information

Dow urges this Court to deny Appellee a "second bite at the apple" under principles of comity, *res judicata,* and collateral estoppel. (*Id.* at 34). We are not persuaded.

"Comity is the principle that courts of one state or jurisdiction will give effect to laws and judicial decisions of another state out of deference and mutual respect, rather than out of duty[.]" *Smith v. Firemens Ins. Co. of Newark, New Jersey,* 404 Pa.Super. 93, 590 A.2d 24, 27 (1991). "However, application of comity is a matter of judicial discretion." *Chestnut v. Pediatric Homecare of America, Inc.,* 420 Pa.Super. 598, 617 A.2d 347, 350 (1992) (citing *Smith, supra.*).

Accordingly, we must determine if application of the principle of comity is appropriate in this case, rather than merely invoking it *ipso facto.* Here, we find that *Branham v. Rohm & Hass* does not address the majority of issues raised in the instant appeal, and is of dubious reliability on the underlying discovery issues which it does address. For example, on the issue of expert versus factual testimony, in a one paragraph treatment which merely summarizes Branham's arguments, the court of appeals cites to no authority at all (not even to Michigan decisions), to dismiss Branham's issue with a curt and conclusory single sentence, "We find that [the contention Branham was seeking Dow studies of vinyl chloride toxicity rather than seeking 'to conscript Dow as her expert'] to be a distinction without a difference." *Branham v. Rohm and Hass, supra* at *5.

We conclude that on the few issues raised in both the Michigan subpoena and in the instant appeal (expert testimony, burdensomeness), even when not mere *dic-*

ta, the Michigan decision does not contain the indicia of reliability which are a necessary threshold to our consideration of whether its decision has persuasive value for our review. Dow's comity argument does not merit relief.

Dow also argues that the Michigan decision should control under the doctrines of *res judicata* and collateral estoppel. (*See* Appellant's Brief, at 34–37). We disagree.

> Application of the doctrine of *res judicata* as an absolute bar to a subsequent action requires that the two actions possess the following common elements: "(1) identity of the thing sued upon; (2) identity of the cause of action; (3) identity of the parties; (4) identity of the capacity of the parties."

*Stoeckinger v. Presidential Financial Corp. of Delaware Valley,* 948 A.2d 828, 832 (Pa.Super.2008) (citation omitted). Additionally, "the traditional doctrine of collateral estoppel, or issue preclusion, [ ] holds that when a particular issue has already been litigated, further action on the same issue is barred." (*Id.*) (citation omitted).

We note that "[i]t is axiomatic that in order for either collateral estoppel or *res judicata* to apply, the issue or issues must have been actually litigated and determined by a valid and final judgment." *County of Berks ex rel. Baldwin v. Pennsylvania Labor Relations Bd.,* 544 Pa. 541, 678 A.2d 355, 359 (1996) (citation omitted).

Here, on their own terms, the Michigan decisions do not constitute a full and final adjudication of the claims raised. The Michigan court of appeals expressly noted that "[t]he trial court did not rule out compelling disclosure of the informa-

---

pending plaintiff's attempts to obtain it through less burdensome means did not lie outside the range of principled outcomes and

thus was not an abuse of discretion." *Branham v. Rohm and Hass, supra* at *5.

tion in the future." *Branham v. Rohm & Hass, supra* at *4. Accordingly, even the issues addressed were not "determined by a valid and final judgment." *Berks, supra.* The Michigan rulings do not meet the formal requirements for either collateral estoppel or *res judicata.* Dow's third issue does not merit relief.

Dow's final question raises three issues, asserting trial error in the refusal to quash because the subpoena compels the production of expert testimony, imposes an unreasonable burden, and requires the disclosure of health related information which may be privileged or confidential. (*See* Appellant's Brief, at 2, 37–44). We disagree.

The trial court determined that the testimony sought was fact testimony, not expert testimony, (*see* Trial Ct. Op., at 9), and "extremely relevant[.]" (*Id.* at 10). Considering the request to be "very specific and narrow in scope," and specifically noting the "significant use" Rohm and Haas had already made of the studies at issue, the court concluded that the subpoena was "well within Dow's ability to comply." (*Id.* at 12).

As before, we review the trial court's refusal to quash for error of law and abuse of discretion. *See Leber, supra* at 265; *In re Subpoena No. 22, supra.*

■■■ First, we address whether the trial court erred in not quashing the subpoena as requiring expert testimony from Dow's witness. For this claim Dow expressly relies on the decision of the Michigan courts. (*See* Appellant's Brief, at 38). As already explained, we need not consider the Michigan decisions in our review, particularly on the issue of whether the discovery requested constitutes expert testimony. Appellant further argues that "topics concerning scientific research into

the carcinogenicity of vinyl chloride are, as found by the Michigan courts, inherently expert in nature." (Appellant's Brief, at 38). We disagree.

Evidentiary rulings are committed to the sound discretion of the trial court, and will not be overruled absent an abuse of discretion or error of law. In order to find that the trial court's evidentiary rulings constituted reversible error, such rulings must not only have been erroneous but must also have been harmful to the complaining party. Appellant must therefore show error in the evidentiary ruling and resulting prejudice, thus constituting an abuse of discretion by the [trial] court.

*Whitaker v. Frankford Hosp.,* 984 A.2d 512, 522 (Pa.Super.2009) (citations and internal quotation marks omitted). Similarly, "[t]he admission of expert testimony is within the trial court's sound discretion and we will not disturb that decision without a showing of manifest abuse of discretion." *Id.* (citation omitted).

■■ Here, Appellant has failed to demonstrate legal error or abuse of discretion in the trial court's rejection of its argument.[18] First, while Dow offers some case law for the undisputed proposition that an expert cannot be compelled to give expert testimony, its argument that the testimony requested by the subpoena is inherently expert in nature is unpersuasive. Other than its reliance on the Michigan decisions previously noted, Dow offers no authority for its assertion. In particular, Dow offers no Pennsylvania authority to support this proposition.

Secondly, on the record before us, Appellee Branham is not seeking a Dow witness to render an opinion on the data, or testify about hypothetical situations based

18. We observe that Dow asserts error only, and does not argue abuse of discretion.

on the data.[19] Rather, Branham seeks factual evidence of how the studies, especially the Mundt study, were composed and why certain individuals may have been excluded. Dow asserts that expert testimony would be required to rebut Branham's intended objective of casting doubt on the scientific validity of the Mundt study and other similar studies. (*See* Appellant's Brief, at 40). However, what may be required for rebuttal is not determinative of whether Branham's subpoena seeks a fact witness or an expert.

 Similarly, Dow claims that a witness with technical proficiency would be required to explain the study data. (*See id.*). However, technical expertise does not *ipso facto* convert a fact witness, who might explain how data was gathered, into an expert witness, who renders an opinion based on the data, and Dow offers no pertinent Pennsylvania authority to support the proposition. Factual evidence of a scientifically flawed or manipulated study, *vel non*, is readily distinguishable from subsequent expert testimony rendering an opinion on the consequences of any such facts.

Based on our review of the record, including the briefs, we conclude the trial court's determination that Appellee Branham is not seeking expert testimony from Dow is reasonable and supported by the record. We conclude there is no error of law or abuse of discretion. Appellant's claim is without merit.

Next, Dow argues the trial court erred in not quashing the subpoena as unreasonably burdensome. (*See* Appellant's Brief, at 40–42). Aside from citation to non-dispositive authority,[20] Appellant supports its argument by reference to the affidavit of a Dow in-house attorney, which expresses his belief that preparation of the requested testimony would take several hundred hours. (Motion of [Dow] to Quash Subpoena, Exhibit A, at 3). Appellant's argument does not merit relief.

 It was the province of the trial court to weigh the evidence and balance the relevance and need for the information requested with the burden to produce it. So long as there is evidence which supports the lower court's decision, it will be affirmed. *In re Subpoena No. 22, supra* at 387. We may not substitute our judgment of the evidence for that of the lower court. (*Id.*).

 Notably, here, Dow quotes the trial court out of context, implying the sole basis of the trial court's decision was an erroneous assumption of equivalence between relevance and burden: "[T]he trial court reasoned that because the evidence was relevant, 'it cannot be gainfully maintained that any burden exists for Dow to produce their corporate designee for this trial testimony.'" (Appellant's Brief, at 41), (*quoting* Trial Ct. Op. at 12). However, the trial court added, "[Appellee's] sub-

---

19. We also note there is nothing in the record to support the supposition that Appellee could reasonably expect to benefit from any expert opinion rendered by a designated witness of Dow. Moreover, references in the motion to stay this appeal confirm beyond dispute that Appellee Branham retained her own expert.

20. Dow quotes two cases for uncontested general principles: first, a 1973 Common Pleas court decision, not precedential for this Court, and a 1963 Pennsylvania Supreme

Court decision, for *dicta* that "the law is clear that a corporation cannot be subjected to an unreasonable investigation." *Stahl v. First Pa. Banking & Trust Co.*, 411 Pa. 121, 191 A.2d 386, 389 (1963) (holding laches barred Attorney General's "fishing expedition" into predecessor banks' possible misallocation of bond interest income from 1900 to 1933). Dow does not develop an argument based on either quoted case. (*See* Appellant's Brief, at 41).

poena is **very specific and narrow in scope** and well within Dow's ability to comply in light of **Rohm and Haas's significant use of these studies.**" (Trial Ct. Op., at 12) (emphases added). Dow's equivalency argument misstates the reasoning of the trial court, and fails to address the court's other reasons for rejecting the burdensomeness argument. It does not merit relief.

Finally, Dow argues the trial court subpoena requests data which may require the disclosure of confidential information. (*See* Appellant's Brief, at 42–44). The trial court determined that no confidential data was being sought, but that the information to be produced "can be done so in a manner to preserve the confidentiality of such medical information deserving of this protection." (Trial Ct. Op. at 13). The court further noted that it would retain jurisdiction to determine what would be given to a jury, and may redact information to protect the confidentiality of data requiring special consideration. (*Id.*).

We find no abuse of discretion or error of law in the trial court's decision. Dow's arguments do not merit quashal. We further note that any specific questions which may arise in the future about burdensomeness or confidentiality in the actual enforcement of the subpoena can be addressed by Dow through a motion for a protective order limiting the scope of discovery. *See* Pa.R.C.P. 4011, 4012.

Order affirmed. Appellant's motion for stay denied. Appellee Branham's motion to strike dismissed as moot.