J-A23004-17

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT I.O.P. 65.37**

| | | |
|---|---|---|
| ELLIOTT GREENLEAF & SIEDZIKOWSKI P.C. | : | IN THE SUPERIOR COURT OF PENNSYLVANIA |
| | : | |
| | : | |
| v. | : | |
| | : | |
| | : | |
| JANE CICHOCKI; CHESTER S. DALGEWICZ; CHESTER W. DALGEWICZ; JOHN E. DALGEWICZ; RICHARD S. DALGEWICZ; CHRISTINE K. NEWMAN | : | No. 1239 EDA 2017 |
| | : | |
| | : | |
| | : | |
| | : | |
| Appellants | : | |

Appeal from the Order Entered April 7, 2017
In the Court of Common Pleas of Montgomery County
Civil Division at No(s):  2013-27664

BEFORE:   PANELLA, J., DUBOW, J., and FITZGERALD*, J.

MEMORANDUM BY PANELLA, J.                **FILED NOVEMBER 30, 2017**

Appellants, Jane Cichocki, Chester S. Dalgewicz, Chester W. Dalgewicz, Richard S. Dalgewicz, and Christine Newman ("the Dalgewicz Family" or "the Family") appeal from the order requiring them to provide information related to a complaint filed with the Pennsylvania Attorney Disciplinary Board. After careful review, we conclude that the Dalgewicz Family has failed to establish that the production of this information concerns a matter deeply rooted in public policy. Thus, the claim is not ripe for appeal, we lack jurisdiction and must quash.

This appeal arises from a fee dispute between the parties. Appellee, Elliott Greenleaf & Siedzikowski ("the Law Firm") successfully represented

_____
* Former Justice specially assigned to the Superior Court.

the Dalgewicz Family in a reverse condemnation claim against the state, securing verdicts worth over seven million dollars. The Law Firm subsequently submitted bills to the Dalgewicz Family indicating that post-trial motions and appeals were not covered by the contingent fee. The Family disagreed with the Law Firm's position.

As the fee dispute case proceeded, the Law Firm sought discovery of Disciplinary Board complaints filed by members of the Dalgewicz Family. The Family objected to the production of this material, which necessitated the intervention of the trial court. After hearing argument on the matter, the trial court ordered the production of the requested materials. This appeal followed.

We must first ensure that we have jurisdiction over this appeal. An appellate court's jurisdiction is typically limited to the review of final orders. **See** Pa.R.A.P. 341 ("[A]n appeal may be taken as of right from any final order.") By definition, an order that does not dispose of all claims as to all parties is interlocutory and not final. **See Spuglio v. Cugini**, 818 A.2d 1286, 1287 (Pa. Super. 2003); Pa.R.A.P. 341. The issue of finality impacts our jurisdiction over the appeal. **See In re Estate of Cella**, 12 A.3d 374, 377 (Pa. Super. 2010). "[T]his Court has the power to inquire at any time, *sua sponte*, whether an order is appealable." **Id**. (brackets in original; citations omitted).

While we generally have jurisdiction only over appeals from final orders, there are other bases for jurisdiction. The collateral order doctrine permits appeal from certain non-final orders. Rule 313 of the Rules of Appellate Procedure states that "[a]n appeal may be taken as of right from a collateral order of an administrative agency or lower court."

To determine if an order qualifies for treatment as a Rule 313 collateral order, we must undertake a three-step analysis. *See In re Reglan Litigation*, 72 A.3d 696, 699 (Pa. Super. 2013). It is the third step, importance, that is crucial to the instant appeal. The order appealed from must "involve a right that is too important to be denied review[,] and, if review is postponed until final judgment, the claim will be irreparably lost." *Id*. (citation and internal quotation marks omitted). The collateral order exception must be narrowly construed. *See id*.

> Generally, discovery orders are deemed interlocutory and not immediately appealable because they do not dispose of the litigation. … **All three factors set forth in Rule 313 must be satisfied.** The Pennsylvania Supreme Court has stated that Rule 313 must be construed narrowly: 'Claims must be analyzed not with respect to the specific facts of the case, but in the context of the broad public policy interests that they implicate. Only those claims that involve interests 'deeply rooted in public policy' can be considered too important to be denied review.'

*Branham v. Rohm and Haas Co.*, 19 A.3d 1094, 1101 (Pa. Super. 2011) (emphasis supplied; citations omitted).

"Furthermore, with regard to the third prong of the analysis, our Supreme Court explained that whether a right is adequately vindicable or

effectively reviewable, simply cannot be answered without a judgment about the value interests that would be lost through rigorous application of a final judgment requirement." ***Mortgage Electronic Registration Systems, Inc. v. Malehorn***, 16 A.3d 1138, 1142 (Pa. Super. 2011) (internal quotes and citation omitted). "[A]n issue is important if the interests that would potentially go unprotected without immediate appellate review of that issue are significant relative to the efficiency interests sought to be advanced by the final judgment rule." ***Id***. (brackets in original; citation omitted).

Here, the Dalgewicz Family merely asserts this appeal originates from a final order. It does not. It does not dispose of any of the claims or parties involved in the fee dispute, let alone all of either. The Law Firm, in its brief, challenges our jurisdiction to hear this case. ***See*** Appellee's Brief, at 1 ("Therefore, under this Court's controlling precedent, the trial court's improperly appealed Order does not meet the narrow definition of a collateral order, and this appeal should be quashed.") The Dalgewicz Family filed a reply brief, but did not address the issue of jurisdiction.

We conclude the issue at stake here is not so deeply rooted in public policy as to overrule the efficiency gained by enforcement of the final judgment rule. If we assume the disciplinary complaint filed by members of the Dalgewicz Family is found to be non-frivolous, the attorney(s) who are the subject of the complaint will learn of its contents during disciplinary

proceedings. Under those circumstances, the Law Firm's discovery of the contents of the complaint is inevitable, and no right has been lost.

On the other hand, if the disciplinary complaint is found to be frivolous, then we fail to see how any deeply rooted public policy is impacted. Clearly, the Law Firm is already aware of the complaint. Thus, there is no issue of maintaining secrecy of the process – that horse has already left the barn.

The Dalgewicz Family has not convinced us that any of this information is such that the production of the contents of the complaint violates a right deeply rooted in public policy. Under these circumstances, we cannot conclude that an interlocutory appeal will serve the interests of justice. And the Dalgewicz Family has failed to persuade us otherwise. We therefore quash the appeal as interlocutory.

Appeal quashed.

Judgment Entered.

_____
Joseph D. Seletyn, Esq.
Prothonotary


Date: 11/30/2017