J. S41015/16

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT I.O.P. 65.37**

| | | |
|---|---|---|
| JAMAR OLIVER | : | IN THE SUPERIOR COURT OF |
| Appellant | : | PENNSYLVANIA |
| | : | |
| v. | : | |
| | : | |
| SAMUEL IRVELLO | : | |
| | : | |
| | : | No. 2745 EDA 2015 |

Appeal from the Order August 5, 2015
In the Court of Common Pleas of Philadelphia County
Civil Division No(s): August Term, 2013 No. 1916

BEFORE: BENDER, P.J.E., DUBOW, J., and STEVENS, P.J.E. [*]

MEMORANDUM BY DUBOW, J.:                         **FILED JULY 25, 2016**

Appellant, Jamar Oliver, plaintiff below, appeals from the August 5, 2015 Order entered in the Philadelphia County Court of Common Pleas denying Appellant's Motion to Correct the record and granting the Motion for Sanctions filed by Appellee, Samuel Irvello. Appellant also purports to appeal from the trial court's August 11, 2015 Order denying his Motion for Reconsideration. We quash this appeal as interlocutory.

The trial court set forth the facts and procedural history as follows:

> [Appellant], a limited tort elector, was injured in an automobile accident on May 26, 2011. [Appellant] filed a Complaint against [Appellee]. A jury trial commenced on July 6, 2015. To recover non-economic damages, [Appellant] was required to prove that he suffered a

---

[*] Former Justice specially assigned to the Superior Court.

serious impairment of a bodily function as a result of [Appellee's] negligence. At the conclusion of the evidence, the following four questions were presented to the jury:

(1) Was [Appellee] negligent?

(2) Was the negligence of [Appellee] a factual cause of any harm to Appellant?

(3) Did [Appellant] sustain a serious impairment of a bodily function as a result of the accident of May 26, 2011?

(4) State the amount of damages, [if] any, sustained by [Appellant] as a result of the accident for future medical expenses, past lost earnings, future lost earnings capacity, past, present, and future pain and suffering, embarrassment and humiliation and loss of enjoyment of life?

The jury returned a verdict on July 7, 2015. The jury found that [Appellee] was negligent and that said negligence was a factual cause of harm to [Appellant]. The jury did not, however, find that [Appellant] sustained a serious impairment of a body function as a result of the accident. The jury awarded zero dollars in damages. This [c]ourt subsequently entered a verdict in favor of [Appellee] on the docket.

Trial Ct. Op., 1/14/16, at 1-2.

Appellant did not file a Post-Trial Motion following entry of the verdict on the docket. However, on July 10, 2015, Appellant filed a Motion to Correct the Docket Entries to Reflect that [Appellant] is the Verdict Winner, in which he claimed that the trial court incorrectly stated that the docketed verdict was in favor of Appellee and, based on the error, Appellant would be unable to file a Bill of Costs. On July 14, 2015, Appellee filed a Response in

Opposition to [Appellant's] Motion to Correct the record. Appellee claimed Appellant's Motion was baseless and unsupported by case law. On July 15, 2015, Appellee filed a Bill of Costs, to which Appellant filed Exceptions on July 22, 2015.[1] That same day, Appellee also filed a Motion for Sanctions. On August 5, 2015, the trial court denied Appellant's Motion to Correct the Docket Entries to Reflect that [Appellant] is the Verdict Winner and ordered Appellant to pay Appellee's counsel fees in the amount of $500.00.

On August 9, 2015, Appellant filed a Motion for Reconsideration of the trial court's August 5, 2015 Order denying his Motion to Correct the Record. The trial court denied Appellant's Motion for Reconsideration on August 11, 2015.

On August 28, 2015, without having filed a *Praecipe* for Entry of Judgment, Appellant filed a Notice of Appeal from the orders entered on August 5, 2015 and August 11, 2015. Both Appellant and the trial court complied with Pa.R.A.P. 1925.

Appellant has raised the following three issues of this Court's review:

> 1. Did the trial court commit an error of law in denying [Appellant's] Motion to Correct the Record to Reflect that [Appellant] was the Verdict Winner?
>
> 2. Did the trial court abuse its discretion in awarding [Appellee's] attorney's fees as a sanction under 42 Pa.C.S.A. § 2503 where the Motion to Correct the Record

---

[1] The trial court scheduled a hearing on Appellee's Bill of Costs for September 8, 2015; however, it cancelled the hearing when Appellant filed the instant appeal.

was not frivolous or done in bad faith, but instead was based on a reasonable interpretation of the law and was supported by case authority?

3. Did the trial court abuse its discretion in denying [Appellant's] Motion for Reconsideration where in the period between the denial of the Motion [to Correct the Record] and the Motion for Reconsideration the Philadelphia Court of Common Pleas in **Bailey v. Pham**, 2015 Phila. Ct. Com. Pl. LEXIS 328, *4 (Oct. 20, 2015) issued an opinion supporting [Appellant's] position on the underlying Motion?

Appellant's Brief at 6.

Before we can address the merits of the issues Appellant raises, we must first determine whether we have jurisdiction to review this appeal. As the trial court did not enter judgment on the jury's verdict, Appellant summarily asserts in the "Statement of Jurisdiction" section of his Brief that this Court has jurisdiction over the August 5, 2015 and August 11, 2015 Orders pursuant to Pa.R.A.P. 313 because, "the issues raised in this appeal are ancillary to the jury's findings." **Id.** at 1.

It is well-settled that,

[w]hether an order is appealable as a collateral order is a question of law; as such, our standard of review is *de novo* and our scope of review is plenary. Moreover, where the issue presented is a question of law as opposed to a question of fact, an appellant is entitled to review under the collateral order doctrine; however, if a question of fact is presented, appellate jurisdiction does not exist.

**Yorty v. PJM Interconnection, L.L.C.**, 79 A.3d 655, 660 (Pa. Super. 2013) (citations omitted).

Pursuant to Pennsylvania Rule of Appellate Procedure 313:

> **(a) General Rule.** An appeal may be taken as of right from a collateral order of an administrative agency or lower court.
>
> **(b) Definition.** A collateral order is an order separable from and collateral to the main cause of action where the right involved is too important to be denied review and the question presented is such that if review is postponed until final judgment in the case, the claim will be irreparably lost.

Pa.R.A.P. 313.

Therefore, "to qualify as a collateral order, the order in question must meet three requirements: 1) separability from the main cause of action; 2) importance of the right to be reviewed; and 3) whether the claim will be irreparably lost if review is denied." **Yorty**, **supra** at 660 (citation omitted).

In construing Rule 313, this Court has observed:

> Our case law has made it clear that all three prongs of the rule must be satisfied in order to qualify as a collateral order for our review. The collateral order doctrine is a specialized, practical application of the general rule that only final orders are appealable as of right. As such, this Court must stringently apply the requirements of the collateral order doctrine. Absent the satisfaction of all three prongs of the collateral order test, this Court has no jurisdiction to consider an appeal of an otherwise non-final order.

**Spanier v. Freeh**, 95 A.3d 342, 345 (Pa. Super. 2014) (citations and quotation marks omitted); **see also Branham v. Rohm and Haas Co.**, 19 A.3d 1094, 1101 (Pa. Super. 2011).

We elect to address the third prong of the collateral order doctrine first, as we conclude it disposes of this appeal. As noted above, the third

prong of Rule 313(b) requires that, "the question presented is such that if review is postponed until final judgment in the case, the claim will be irreparably lost." Pa.R.A.P. 313(b). The "irreparably lost" prong is met if "[t]here is no effective means of reviewing" the order after entry of final judgment. ***Ben v. Schwartz***, 729 A.2d 547, 552 (Pa. 1999).

In the instant case, Appellant challenges the trial court's Order denying his Motion to Correct the Record and awarding Appellee counsel fees, and the Order denying his Motion for Reconsideration.[2] It is clear from our review of the record and briefs that, in pursuing an appeal prior to the entry of final judgment, Appellant sought entry of a verdict in his favor primarily so that he could file a Bill of Costs. We conclude that the issues raised here by Appellant with respect to the orders denying his Motion to Correct the Record and Motion for Reconsideration can all be addressed following entry of final judgment on the jury's verdict. Appellant has failed, therefore, to meet the third prong of the collateral order doctrine.[3] Accordingly, we quash this appeal.

---

[2] As noted, ***supra***, Appellant baldly claimed the issues raised in this appeal are separable from the jury's findings. Appellant did not, however, make any claim that the issues raised implicate important rights or that he would suffer any prejudice in the absence of immediate appellate review.

[3] Moreover, even assuming *arguendo* that the orders are separable from and collateral to the main cause of action, the issues of: (i) whether Appellant was the verdict-winner and, therefore was entitled to file a Bill of Costs, where the jury concluded Appellee was negligent, but Appellant had not suffered a "serious injury" as defined by the Pennsylvania Motor Vehicle

Appeal quashed.  Jurisdiction relinquished.

Judgment Entered.

_Joseph D. Seletyn_
Joseph D. Seletyn, Esq.
Prothonotary

Date: 7/25/2016

---

Financial Responsibility Law, 75 Pa.C.S. §§ 1702, *et seq*.; (ii) whether Appellee was entitled to attorney's fees; and (iii) whether the trial court should have granted Appellant's Motion for Reconsideration, do not "involve rights deeply rooted in public policy going beyond the particular litigation at hand," even if they are "important to the particular parties."  **See Ben**, **supra** at 522 (citation omitted).